## AUTOMOBILE INS. CO. et al. v. TEAGUE et al.

### No. 1187–5522.

Commission of Appeals of Texas, Section B. Nov. 26, 1930.

E. G. Senter and Thompson, Knight, Baker & Harris, all of Dallas, for plaintiffs in error.

Billingsley & Billingsley and Smith & Smith, all of Fort Worth, for defendants in error.

SHORT, P. J.

In this case there were two applications for writ of error successfully prosecuted, one by

the plaintiffs in error, the Automobile Insurance Company and the Fire & Marine Underwriters Agency, the two companies being substantially the same, and the other by the Century Insurance Company, Limited, of Edinburg, Scotland.

The judgment rendered in the Court of Civil Appeals reforms the judgment rendered in the district court, which was in favor of the Chickasaw Lumber Company, a partnership in so many words, but as well, substantially, also in favor of H. R. Teague, the original plaintiff, against the plaintiffs in error, jointly and severally, in the sum of $2,176.70, with interest thereon at the rate of 6 per cent. from July 20, 1927, and all costs, so as to make the judgment read in favor of the Chickasaw Lumber Company against the Century Insurance Company for $702.16 and against the plaintiffs in error for $1,474.54. 19 S.W.(2d) 599.

While the pleadings are rather voluminous and the legal questions presented in the applications are somewhat involved, in the view we have taken of the case, as presented by the record, it will only be necessary to give a brief resume of the asserted rights of the several parties. The original suit was instituted by H. R. Teague, the owner of a recently erected dwelling house, which had been partially destroyed by fire, against the plaintiffs in error, who had issued to him, some twenty days before the fire occurred, a fire insurance policy on the dwelling in the sum of $4,200, paying the annual premium due thereon, and also against some other parties, who were afterwards dismissed from the case, and need not further be mentioned. The Chickasaw Lumber Company, a partnership, which had originally erected the building, and afterwards had repaired it, under a contract to do so at its own expense, having a written lien thereon to secure the payment of the contract price, filed a plea of intervention in which it impleaded the Century Insurance Company.

In the building contract, by virtue of the terms of which the lumber company originally erected the dwelling, and afterwards repaired it when injured by the fire, is a recitation in substance that Teague agreed to keep the improvements insured in the sum of at least $4,000. Evidently in pursuance of this obligation the owner, Teague, took out a policy of insurance during the time the dwelling was being erected, with the plaintiffs in error, in the sum of $2,000, paying the premium thereon, and after the building had been completed, some twenty days before the fire occurred, he had this policy of insurance canceled, and another issued for $4,200, paying the premium due thereon. After the fire had injured the building, its owner, H. R. Teague, submitted proof of his loss to the plaintiffs in error, whose adjuster accepted same, and agreed with the owner upon the amount of loss he had sustained, upon the faith of which the lumber company, in pursuance of its contract, repaired the building and restored it substantially as it had originally been, incurring an expense of about $2,400. Before the plaintiffs in error had finally paid over the money, which its adjuster had agreed it was liable to pay, they discovered for the first time the fact that on the 31st day of March the lumber company had taken out a policy of insurance in the name of the owner and for their benefit, with the Century Insurance Company in the sum of $2,000. This was done without the knowledge on the part of the contractors that the owner had secured insurance on the dwelling, and also without any knowledge on the part of the owner. It appears that all the parties acted in good faith, but in ignorance of what the others had done until the agreement had been reached between the owner and the plaintiffs in error that the latter were liable for the loss and the amount of it.

Both policies of insurance contained this provision: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the *insured* now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." (Italics ours). The plaintiffs in error, as well as the Century Insurance Company, pleaded the provisions above quoted, claiming that under the undisputed facts, each of said policies was void. The judgment rendered by the trial court recites the fact, the trial having been to the judge without the intervention of the jury, that H. R. Teague and the Chickasaw Lumber Company are entitled to judgment against the plaintiffs in error, and that H. R. Teague is indebted to the Chickasaw Lumber Company for more than the amount of the loss sustained, as well as the fact that the Century Insurance Company was not liable to the lumber company, upon which facts judgment was rendered in favor of the lumber company against the plaintiffs in error for the above named sum, and it was further decreed that H. R. Teague and the Chickasaw Lumber Company take nothing against the Century Insurance Company. To this judgment the plaintiffs in error excepted and gave notice of appeal to the Court of Civil Appeals.

At this point, in view of the disposition we think should be made of this case, it is necessary to state that the record shows that H. R. Teague, as well as the Chickasaw Lumber Company, and the Century Insurance Company occupied the position, with reference to the plaintiffs in error, of adverse parties, each being adversely interested to the plaintiffs in error in the subject-matter of the judgment, and that in order to perfect their

appeal to the Court of Civil Appeals, from the judgment rendered against them in the district court, it was incumbent upon the plaintiffs in error that they should execute and have approved, by the clerk of the district court, either on appeal or supersedeas bond, payable to all adverse parties. The record shows that they executed and had approved a supersedeas bond, but this bond was only made payable to the individual partners composing the partnership of the Chickasaw Lumber Company, and is not made payable either to H. R. Teague, who was declared to have been entitled to have judgment against the plaintiffs in error, by reason of the execution of the insurance policy issued by them to him, or to the Century Insurance Company, whom the plaintiffs in error claimed to be legally obligated to pay its proportional part of the loss to H. R. Teague or the Chickasaw Lumber Company, in the event the policies of insurance issued by the respective insurance companies should be held to be valid obligations. Article 2265 provides that the appellant shall execute a bond to be approved by the clerk payable to the appellee or defendant in error in a sum at least double the probable amount of the cost to be fixed by the clerk, while article 2270 requires the supersedeas bond to be made payable to appellee, or defendant in error, in the sum at least double the amount of the judgment, interest and costs. This bond is clearly defective. It would not support an action either by H. R. Teague or the Century Insurance Company. White v. Harris, 85 Tex. 42, 19 S. W. 1077. It was not executed in substantial compliance with the law. Reid v. Fernandez, 52 Tex. 379. In order for an appeal bond or a supersedeas bond to be substantially in compliance with the law, it must be made payable to every party to the judgment, whose interest is adverse to that of the appellants, although the judgment may not, in whole or in part, be in favor of such parties. Harvey v. Cummings, 62 Tex. 186; Young v. Russell, 60 Tex. 684; Greenwade v. Smith, 57 Tex. 195; Ricker v. Collins, 81 Tex. 662, 17 S. W. 378.

Had the Court of Civil Appeals, in place of reforming, as it did, the judgment of the district court, affirmed it, no injury could have resulted either to H. R. Teague, in whose favor a recovery was allowed against the plaintiffs in error, or to the Century Insurance Company, except the happening of the possible contingency, which is not presumed to have happened, that the plaintiffs in error had become insolvent after the rendition of the judgment in the trial court, pending the proceedings in the Court of Civil Appeals. But should the judgment of the trial court be finally reversed and the case remanded, it might be that when another record is made, it would be so different from the present one as to compel the rendition of a judgment against both H. R. Teague and the Century Insurance Company, resulting in the destruction of the advantage which the judgment rendered in their favor by the trial court. In this event, in view of the situation of this record, these parties would be deprived of their property without due process of law, as prescribed by those portions of articles 2265 and 2270, mentioned by us in connection with which article 1840 must be construed.

It is true that the record does not disclose that any motion to dismiss the appeal, on account of the defect in the supersedeas bond, was presented to the Court of Civil Appeals, as provided by article 1840, R. S. 1925. That article authorizes the Court of Civil Appeals to make an order allowing the supersedeas bond to be amended, by filing a new bond, but no new bond, under this article, is permitted to be filed except upon the terms which the court shall prescribe. Since the enactment of this article, which was in 1892, the Supreme Court has held that a defective bond is sufficient to give the Court of Civil Appeals jurisdiction, and if no motion to dismiss is made by any appellee, that court should hear and determine the appeal. Hugo v. Seffel, 92 Tex. 414, 49 S. W. 369. While no such motion was made by any appellee in this case, and while the Court of Civil Appeals, by virtue of the supersedeas bond, defective though it is, had jurisdiction to hear and determine the appeal, it appears from the record that the plaintiff in error Century Insurance Company, one of the parties in the original suit, and a necessary obligee in the supersedeas bond, in its motion for rehearing, called attention to this situation, as shown by the record, in the following language: "The court erred in reversing the judgment of the trial court as far as this appellee is concerned, and in rendering judgment in favor of the Chickasaw Lumber Company against the Century Insurance Company for the sum of $702.16, because no appeal was taken from the judgment of the trial court by the Chickasaw Lumber Company, or by any other appellee to this cause which called in question the judgment of the court, to the effect that Harold R. Teague, plaintiff, and Chickasaw Lumber Company, intervener, should take nothing in their suit against said company, and hence this court is without power to disturb the judgment of the trial court so far as it relates to the claims of said litigants against this appellee." We think this language is sufficiently broad to call to the attention of the Court of Civil Appeals the fact that the Century Insurance Company, as well as H. R. Teague, were not named as obligees in the supersedeas bond, and that they being parties to the litigation, adversely interested to the plaintiffs in error, the supersedeas bond was not in substantial compliance with the law, and that having this condition of the

record thus called to its attention, the Court of Civil Appeals should have set aside the judgment it had rendered, reforming the judgment of the district court, and in the absence of an order thereafter duly made, permitting the plaintiffs in error to amend the supersedeas bond, by filing in that court a new bond, curing the defects in the one filed, the appeal should have been dismissed, on the ground that no sufficient supersedeas or appeal bond had been filed, which would have protected the rights on appeal of parties to the judgment rendered in the district court, whose interests were adverse to those of the plaintiffs in error.

■ In the trial court, H. R. Teague and the Century Insurance Company had both been successful in having a judgment entered in accordance with their respective demands. Neither desired any appeal to be taken from that judgment. But the plaintiffs in error did desire an appeal, and so desiring it was their duty, in prosecuting the appeal to effect, to protect the legal rights of all parties to the judgment adversely interested to them, as those rights have been determined in said judgment, by filing with and having approved by the clerk, a supersedeas bond in which H. R. Teague and the Century Insurance Com-

pany were made obligees. Dixon v. Green (Tex. Com. App.) 285 S. W. 813. Not having done this, and the fact of their failure having been called to the attention of the Court of Civil Appeals, in the motion for rehearing filed by the Century Insurance Company, and the Court of Civil Appeals having overruled said motion for a rehearing, and the Century Insurance Company having successfully prosecuted a writ of error to the Supreme Court, based in part upon this error, committed by the Court of Civil Appeals, and the Court of Civil Appeals having lost jurisdiction of the case, we think that it is the duty of the Supreme Court to reverse the judgment of the Court of Civil Appeals, and affirm that of the district court.

We therefore recommend that the judgment of the Court of Civil Appeals, in so far as it reforms the judgment of the district court, be reversed, and that the judgment of the district court be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is reversed in so far as it reforms the judgment of the district court, and that of the district court is affirmed.