## ELLIOTT v. LESTER.

### No. 12730.

Court of Civil Appeals of Texas. Dallas.

March 11, 1939.

Hugh S. Grady and Norman R. Crozier, Jr., both of Dallas, for appellee.

BOND, Chief Justice.

Appellee, Max Lester, Jr., in a district court of Dallas County, recovered judgment against appellant, Edward Elliott, in the sum of $5,000, based on claim for loss and damage growing out of a motor bus collision, occurring on a state highway. Elliott appealed from the judgment and superseded its enforcement by executing and filing a supersedeas bond in double the amount of the judgment, with Lloyds America, a Lloyds insurance organization, as the sole surety on the supersedeas bond. In the appeal, the appellee, Max Lester, Jr., has filed a motion to require appellant to post an additional good and sufficient supersedeas bond, on the ground that the surety is the primary obligor in payment of the judgment and is wholly insolvent.

The record shows that, at the time of the accident involved in the suit, Elliott was operating over the highways of this State, as a common carrier of freight for hire, under permit or certificate of convenience duly issued by the Railroad Commission of Texas, in accordance with the provisions of the Motor Bus Transportation Act of the 42nd Legislature (Art. 911b, R.S., Vernon's Ann.Civ.St. art. 911b). The permit or certificate was issued on Elliott's posting with the Commission a bond, or insurance policy, executed by Lloyds America, conditioned as prescribed by law. The statute in question, pertinent here, reads as follows:

"Sec. 13. Before any permit or certificate of public convenience and necessity may be issued to any motor carrier and before any motor carrier may lawfully operate under such permit or certificate as the case may be, such motor carrier shall file with the Commission bonds and/or insurance policies issued by some insurance company including mutuals and reciprocals or bonding company authorized by law to transact business in Texas in an amount to be fixed by the Commission under such rules and regulations as it may prescribe, which bonds and insurance policies shall provide that the obligor therein will pay to the extent of the face amount of such insurance policies and bonds all judgments which may be recovered against the motor carrier so filing said insurance policies and bonds, based on claims for loss or damages from personal injury or loss of, or injury

Touchstone, Wight, Gormley, Strasburger & Price and Mark Martin, all of Dallas, for appellant.

to property occurring during the term of said bonds and policies and arising out of the actual operation of such motor carrier, and such bonds and policies shall also provide for successive recoveries to the complete exhaustion of the face amount thereof and that such judgments will be paid by the obligor in said bonds and insurance policies irrespective of the solvency or insolvency of the motor carrier, provided, however, such bonds and policies shall not cover personal injuries sustained by the servants, agents or employees of such motor carrier. Provided ' further that in the event the insured shall abandon his permit or certificate and leave the State, a claimant, asserting a claim within the provisions of said bonds or policies, may file suit against the sureties executing such bond or the company issuing such policies in a court of competent jurisdiction without the necessity of making the insured a party to said suit. * * *"

■■■ An analysis of the bond and statute reveals that it was clearly the intention of the Legislature to make insurance carriers primary obligors for the public benefit, and a judgment against the motor carrier a mere condition precedent for suit against the insurance company's bond or policy. The procedure, to the effect that the insurance carriers be not directly sued or mentioned in pleadings and proof, obviously, was for the beneficial convenience of the insurance companies. However, in all such cases, whether the insurance companies be party in name or not, after the injured party has secured a favorable pronouncement of judgment from a court of competent jurisdiction or verdict from a jury, the liability of the insurance company carrying the indemnity, to pay the judgment to the extent of its bond or policy attaches; and, in cases where the insurance company participates in the suit, the plaintiff may, by motion, have the judgment set over against the insurance company, without further ado. Cannon Ball Motor Freight Lines et al. v. Grasso et al., Tex. Civ.App., 59 S.W.2d 337. Under the statute, the insurer is required to pay plaintiff's judgment; it becomes the primary obligation of the insurer, and the mere fact that it was not and could not be mentioned or named in the suit, because of the incidental procedural statute, and adjudicated cases on the subject, does not change its status to the obligation it assumed.

■■ While the Legislature, in passing Sec. 13, Article 911b, denied to injured parties right to sue or join the insurance carriers in such suits, nevertheless, such carriers, under the condition of the bond, or policy; and the statute quoted above, are bound to pay the judgment, and the enforcement of it is directed against the company carrying the indemnity, and not the motor carrier. Aside from the clear meaning of the statute, we think that, where an insurance carrier comes into a suit, furnishes its own attorneys to defend the suit, participates in the trial, as if it were a party, and appears in the appeal, whether the insurance carrier is technically a party or not, the law treats it as a party; by participating in the proceedings, it is estopped by the judgment and bound to the extent of its bond or policy, and, in truth and fact, is the appellant in the appeal.

■■ Under Article 2270 et seq., a supersedeas bond is provided for, and, by the filing of such bond, appeal is perfected and the execution on the judgment is stayed by writ of supersedeas. The purpose of a supersedeas bond is to furnish indemnity to the appellee, and to suspend the remedies allowed for realizing on the judgment. It is security in addition to the personal liability of those responsible for the payment of the judgment, and effectively suspends the remedies for the enforcement of the judgment, pending the appeal. "The sole purpose of requiring an appeal or supersedeas bond must therefore necessarily be to furnish security to the appellee in addition to the personal responsibility of the appellant. Automobile Insurance Co. v. Teague (Tex.Com.App.) 32 S.W.2d 824." Universal Automobile Ins. Co. v. Culberson et al., Tex.Civ.App., 51 S.W.2d 1071, 1072.

In the case of Ford v. State, Tex.Civ. App., 209 S.W. 490, 492, the question was presented as to whether an appeal on a supersedeas bond suspends the judgment, or suspends its execution. The court said: "We hold that an appeal from a judgment of any character, upon a supersedeas bond, does not suspend the judgment, but only stays its execution pending the appeal. 2 R.C.L. § 97, p. 122; Nill v. Comparet, 16 Ind. 107, 79 Am.Dec. 411; Mull v. McKnight, 67 Ind. 525; Randles v. Randles, 67 Ind. 434; Walls v. Palmer, 64 Ind. 493; Padgett v. State, 93 Ind. [396] 397. The judgment itself remains in full force until it is reversed. If it be affirmed, the appellate court does not enter a new judgment in the case, nor revive the judgment of the trial court, but only removes the impediment to its execution. In this connection,

we call attention to the fact that a supersedeas bond, as defined by our statute, does not purport to suspend the judgment from which the appeal is taken, but only to suspend 'the execution of the judgment.' R. S. arts. 2101 and 2103."

Thus, it is apparent that the judgment in this case is final and the condition precedent for its enforcement as against the Lloyds America, perforce of the statute (Art. 911b, Sec. 13), has been fulfilled, and Lloyds America has become primarily liable for the payment thereof. Furthermore, Lloyds America, having participated in the proceedings in which the judgment was entered, defended the suit, filed all pleadings, examined the witnesses and, in every way, conducted trial of the case as if it were the defendant named in the suit, on appeal from the judgment, has become the appellant, obligated to pay the judgment in the event the appeal goes against Elliott, and to save him, the nominal party, harmless from said judgment. Therefore, with the Lloyds America being the sole surety on the supersedeas bond in this appeal, and otherwise primarily liable on the judgment, the purpose of the supersedeas bond, to give additional security to appellee, is defeated and nullified. It is clearly incongruous for Lloyds America to act as surety on a supersedeas bond and serve as insurer of the judgment. The position of insurer in the present suit is entirely inconsistent with its position as surety on the supersedeas bond. A supersedeas bond which gives appellee no additional security than the solvency of the principal obligor is not "a good and sufficient bond", to stay the remedies allowed for enforcement of the judgment.

The Legislature has conferred a statutory right upon the party obtaining judgment to have execution issued thereon, pending appeal, unless and until the judgment debtor files a proper supersedeas bond. The fact that a judgment-debtor is financially unable to file such bond cannot destroy this statutory right. Bryan v. Luhning, Tex.Civ.App., 106 S.W.2d 403. Thus, appellant, or one who stands in the position of the appellant, cannot become its own surety on a supersedeas bond. A surety is defined by lexicons as "a person who engages to be responsible for the debt, default or miscarriage of another". Such is also the legal meaning and use of that term. Therefore, the very definition presumes an absence of such obligation prior to the assuming of the status of suretyship, yet, here, Lloyds America had already engaged "to be responsible for the debt", that is, the judgment debt of the motor carrier, before becoming surety on the supersedeas bond.

We recognize apparent conflict with the San Antonio Court of Civil Appeals in the case of Universal Transport & Distributing Co. v. Cantu et al., 75 S.W.2d 697, 698, on similar question, wherein the court merely said: "It is true that the Commercial Standard Insurance Company was the carrier of the indemnity insurance for the Universal Transport & Distributing Company, who is the appellant in this cause. The insurance company is not a party in any way to the suit, and is therefore competent to become a surety on this supersedeas bond." The San Antonio Court seems not to have considered that the insurance company was required by statute and by the terms of its policy to pay any claimant suffering injury through the insured, provided such claim was reduced to judgment; or considered the fact that the purpose of a supersedeas bond is to give additional security to appellee who recovered a judgment in the court; or considered that the insurance company participated in the proceeding, as to estop it from claiming it was not a party to the litigation. However, be that as it may, we are not in accord with the holding in the cited case, rather rest our conclusion on the fact that Lloyds America was the real party at interest in the suit, a primary obligor to the judgment, thus, as a surety on the supersedeas bond, gives appellee no additional security, as provided by statute.

The motion requiring appellant to give a new and additional supersedeas bond is sustained; hence, appellant is required to give additional supersedeas bond in like amount as the original, to be approved by the Clerk of this Court; and, upon failure to comply with the order within twenty days after such order is served, execution may issue, and the appeal dismissed; it is so ordered.