**Michael V. MIDDLESWORTH, Appellant,**

v.

**Eileen MIDDLESWORTH, Appellee.**

No. 16550.

Court of Civil Appeals of Texas.

Fort Worth.

June 12, 1964.

Anderson & Connell, and Henry J. Anderson, Wichita Falls, for appellant.

Spence, Martin & Richie and Gene Richie, Wichita Falls, for appellee.

MASSEY, Chief Justice.

In this case the only evidence before the trial court relative to the occasion for divorce bore upon the matter of the cruel treatment received by the wife, as plaintiff, at the hands of the husband, as defendant. There is no question but that in so far as the decree awarded a divorce to the wife it would be improper to disturb it.

As is not uncommon, however, there was dispute between the parties upon the matter of the community property and its distribution, and upon the matter of the amount proper to be decreed as the father's child support obligation.

There were two minor children. The order of the court awarded custody of both to the plaintiff, with defendant ordered to pay "the sum of $75.00 on the 5th day of January, 1964, and a like sum on the 19th day of January, 1964, and a like sum of $75.00 on the 5th and 19th days of each month thereafter until such minor children have reached the age of 18 years or until further ordered by the Court."

Plaintiff was awarded an automobile, all the household fixtures and furnishings, and "as her separate property and estate in fee simple absolute the home of the parties * * (legal description included); subject, however, to the payment by the plaintiff of any indebtedness that might exist against such property and further subject to a lien in favor of the defendant in the sum of One Thousand Five Hundred and No/100· ($1,-500.00) Dollars. This lien shall not be enforceable by the defendant against such

property until such property is sold by the plaintiff and at which time the defendant shall be entitled * * * from the proceeds of the sale of such property."

■ The defendant here complains that the award in connection with the support of his two minor children under the age of eighteen years was made without regard to his financial ability and was excessive. We overrule the contention. The evidence was to the effect that the needs of the two children amounted to $250.00 per month, there was an ability of the defendant to earn approximately $6,000.00 per year, and that his was a considerably greater ability than that of the plaintiff. The discretion vested in the trial court was not abused in the amount decreed. Should the condition of relative ability and responsibility of the parties in relation to the support and maintenance of their children change in the future the courthouse doors will be open for any appropriate relief.

The defendant also, as a part of a broader complaint, points at the matter of the $1,500.00 equitable lien given him upon the real property awarded the plaintiff, which lien was specified as unenforceable until such time as the plaintiff divested herself of title. We have found rather interesting the question of propriety of the judgment decree in such respect, with enforceability of defendant's lien suspended as to such time, and so conditioned that the plaintiff held him at her mercy with respect thereto.

■ We have concluded that the order in this respect is not contrary to public policy, and that to so suspend and condition the enforceability of the lien on the property granted to the husband pursuant to the decree of divorce was within the authority of the trial court and not, of itself, demonstrative of any abuse of discretion in this case. 20 Tex.Jur.2d 542, "Divorce and Separation", § 205; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923); Gilleland v. Meadows, 329 S.W.2d 485 (Waco Civ.App., 1959, no writ), and cases cited.

The broader complaint of the defendant was that the trial court abused its discretion in the division and award of the parties' community estate so that substantially all of it was given to the wife, though the evidence before the court did not support such, wherefore the court's action was unfair, unjust and arbitrary.

The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Vernon's Ann.Tex. St., "Divorce", Art. 4638, "Division of property". Thereunder our appellate courts have held that a trial court is vested with wide discretion and that on appeal a judgment dividing community property should be sustained except when it clearly appears that there has been an abuse of discretion.

■ In connection with the matters a trial court has been held authorized to consider in such determination are included: (1) cause of the parties' inability to live together as husband and wife, or the conduct that contributed to the divorce; (2) the benefits that the spouse not at fault in the breakup of the marriage would have derived from the estate of the other through a continuance of the marriage; (3) disparity in earning powers of the parties, their business opportunities, capacities and abilities; and (4) relative conditions of the parties, their obligations, ages, and size of their separate and community estates. See the more recent cases in 15 Tex. Digest, Divorce, ■ Division of property.

■ In our review of the evidence in the case, the foregoing borne in mind, we have readily concluded that there was no abuse of discretion by the trial court in respect to the property division made pursuant to the divorce decree.

We affirm the judgment of the trial court.