Luvada PICKITT, Appellant,

v.

H. E. PICKITT, Appellee.

No. 208.

Court of Civil Appeals of Texas.

Tyler.

March 31, 1966.

Rehearing Denied April 28, 1966.

————

Hollie G. McClain, Gilmer, for appellant.

Woodrow Edwards, Mt. Vernon, for appellee.

MOORE, Justice.

This is a divorce case in which the appeal is limited to the points relating to the settlement of the property rights of the parties.

Appellee, H. E. Pickitt, filed the suit seeking a divorce from Luvada Pickitt and a division of the community property. The ground for the divorce was seven years' separation without cohabitation under the provisions of Section 4 of Article 4629, Vernon's Ann.Tex.Civ.St.

The record reveals that the parties had been married since 1907 and now have two grown children. The parties separated in 1946 and thereafter lived separate and apart for a period of eighteen years before the filing of this suit. Since the separation, Mrs. Pickitt has lived with her daughter and has worked in a grocery store which is operated by her son in connection with a restaurant and motel owned by him. Mr. Pickitt has continued to live on the 98 acre farm owned by the parties.

Mr. Pickitt is 70 years of age and Mrs. Pickitt's age is approximately the same. He testified at the trial, but she did not.

He testified that because of his limited eyesight and because of his age and physical condition, he was no longer able to perform or seek employment or care for his farm. He has had no employment for several years and has been drawing the old age pension.

He admits that at the time of the separation, he retained in his possession the following items of personal property: approximately $860.00 in cash; three (3) vendor's lien notes in the amount of $500.00; eight (8) head of cattle and several items of household furniture. According to his testimony, most of the household furniture was taken by Mrs. Pickitt.

Since the date of the separation, he admits he has received the sum of $3,000.00 from oil and gas leases on the farm; $600.00 as a result of the condemnation of a portion of the farm; and $10.00 per month from the rent for several years on a small house situated on the farm. He admits that he collected the vendor's lien notes in the amount of $500.00 and shortly before the trial sold all of the remaining cattle for the sum of $600.00.

It was stipulated that after the date of the separation, Mrs. Pickitt received the sum of $1,250.00 for joining in the oil and gas lease on the farm. As pointed out before, she did not testify. Neither did she offer any testimony showing whether or not she had received or collected any revenue which could be classified as community property, except that for the oil and gas lease. According to the testimony of her son, she worked for him continuously since the separation in his grocery store and although he furnished her with groceries, he paid her no salary.

According to the testimony of Ralph Bynum, a real estate agent called by appellant, the farm, without any improvements, had a value of $125.00 per acre. He testified that the land had an average value of $125.00 an acre and that without the improvements, the south half thereof had the same value as the north half. All of the improvements are situated on the south half of the farm and according to his testimony, have a value of $1,750.00.

Mr. Pickitt testified at the time of the trial that he had the sum of $1,000.00 on deposit in the bank. In connection with the division of the land, he testified that Mrs. Pickitt had theretofore made numerous requests that she be awarded the north one-half of the land as her share of the community real estate which was agreeable with him.

Trial was before the court without a jury and at the conclusion thereof, the court rendered judgment granting the plaintiff a judgment of divorce and awarding appellant, Mrs. Luvada Pickitt, the north one-half of the land and H. E. Pickitt the south one-half with the improvements thereon and also allowed Mrs. Pickitt the sum of $100.00 cash. She excepted to the ruling of the

trial court and by this appeal contends that the court's division of the community property was not fair, just or equitable in that the property was not equally divided.

■ It is apparent from the evidence that the court did not require the appellee to account for all of the rents and revenue of the community estate during the long period of separation. It is likewise apparent that the court did not equally divide the community property on hand at the time of the divorce. The statute, however, does not require the court to make an equal division of the community. Article 4638, V.A.T.S.; Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002; Williams v. Williams, 160 Tex. 99, 325 S.W.2d 682.

The judgment of the trial court dividing the property of the parties was entered pursuant to Article 4638, supra, which provides that: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, * * *."

The statute clearly vests discretion in the trial court in determining the proper division of the community estate of the parties. Carle v. Carle, supra.

■ In the exercise of this discretion, the court may consider, among other things, the age and physical condition of the parties, their relative need for future support, fault in breaking up the marriage, benefits the innocent spouse would have received from a continuation of the marriage, the size of the estate and the relative abilities of the parties. Hudson v. Hudson, (Tex. Civ.App.) 308 S.W.2d 140; Duncan v. Duncan, (Tex.Civ.App.) 374 S.W.2d 800; Middlesworth v. Middlesworth, (Tex.Civ.App.) 380 S.W.2d 790.

■ Probable future need for support seems to be the most important factor. Vol. 13, Vernon's Texas Civ.St., Sec. 12, page 48. The record leaves little doubt that the children of the marriage have been most

understanding with their mother's side of the controversy, and that they will in all probability take care of her future needs. Considering the size of the estate, the age and relative abilities of the parties, together with their relative need for support, and viewing the entire record in a light most favorable to the judgment, we cannot say that the division of the property was manifestly unfair or that the court abused its sound discretion in so partitioning it. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Clark v. Clark, (Tex.Civ.App.) 362 S.W.2d 655.

The judgment of the trial court is affirmed.

SELLERS, J., concurs.

DUNAGAN, C. J., not participating.