**Walter Winford DILLINGHAM, Appellant,**

**v.**

**Zexia Parmer DILLINGHAM, Appellee.**

**No. 16963.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 25, 1968.

Rehearing Denied Dec. 6, 1968.

2. Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. Sup.1965).

Bryan & Amidei, and Maurice Amidei, Fort Worth, for appellant.

Heard L. Floore and Wallace Brady, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Appeal is from the property division award pursuant to decree of divorce.

Affirmed.

Predicate for the material contentions of appellant, Walter Winford Dillingham, as against appellee Zexia Parmer Dillingham, lies in his belief that the trial court erred insofar as its judgment treated corporate assets, allegedly the separate property of appellant, as though it was community property and (in effect) because the court divided such corporate property equally between appellant and appellee.

■ No part of the property awarded to the wife, appellee, was real estate. Article 4638, Vernon's Ann.Tex.St., "Di-

vision of property", provides that upon pronouncing a decree of divorce a court shall also order a division of the estate of the parties in such a way as the court shall deem just and right, etc. In Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923), it was stated: "For the purpose of doing equity, the court may award all the personal property to either spouse, * * *." See commentary by Professor William O. Huie, on Texas' Community Property Law, in Vol. 13, V.A.T.S., § 12, "Division on Divorce", beginning at p. 45. See also Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 313 (1939); Grant v. Grant, 351 S.W.2d 897 (Waco Civ.App., 1961, writ dism.).

■ The fact that the property might constitute separate property of the appellant (a matter in dispute) is of no consequence. Under the law the court, in the exercise of equity powers pursuant to Art. 4638, is authorized to take the separate property of one party and award it to the other in a decree made pursuant to divorce. Such an award will not be disturbed unless there is a clear abuse of discretion. Mozisek v. Mozisek, 365 S.W.2d 669 (Fort Worth Civ.App., 1963, writ dism.).

■ The appellant does not premise his contention of error upon any abuse of discretion as such is usually considered. Indeed the record fails to substantiate any abuse, consideration given to all the facts and circumstances of the case and to the relative conditions and abilities of the parties to be expected following their divorce.

■ As we understand appellant's brief one of his contentions is that error exists merely because his separate property was erroneously "treated" as a part of the community, with the result that the trial court labored under a mistake when it awarded to appellee an interest therein. However, such contention must fail in view of the following finding or conclusion of law to be observed in the Court's Findings of Fact and Conclusions of Law: "8. * * * I

find also that the division of property between the parties herein as set out in the Judgment on file herein is equitable and just without regard to whether the property so divided is community, separate or mixed."

It is true that the trial court did not agree with appellant's contention that the corporate property actually constituted the separate property of appellant, but it was made plain that the court intended appellee to have what was awarded to her whether or not he was mistaken as to its character.

■ We are in accord with the court's decision that, for purposes of the litigation, the corporate property should be considered as part of the community estate.

In a rather exhaustive study, with reference made to many authorities, an analogous question was presented to the Attorney General of Texas. That official handed down its Opinion #O-6595 on September 18, 1945; the specific question having been In re: "Inheritance tax on one-half of accumulated surplus of a corporation when all of such corporation's stock was owned prior to, during and after marriage by the surviving spouse who transacted personal business through the corporation". It was noted that it would be an invitation to anyone desiring to defeat the rights of his wife and her heirs and also the inheritance tax statutes, to accord such recognition to a corporation, formed prior to marriage and thereafter operated through an *alter ego,* that he who might choose to do business in such manner would be enabled thereby to circumvent a statute, prejudice the rights of third parties, or evade an existing legal obligation. Recognizing the fact that an increase in one's separate property which is no more than an enhancement of its value resulting from fortuitous causes such as natural growth or the fluctuations of the market remains a part of the separate estate, the Attorney General reached the legal conclusion that the contrary would be true

**462**

(and such enhancement would be community property) when one's business affairs are conducted through the instrumentality of such corporation as an *alter ego.* We are in accord with these statements upon the law. In the particular situation under consideration by the Attorney General a husband owned all the stock in a corporation and had conducted virtually all of his business affairs through it. Analysis disclosed that in substance and fact the corporation was merely the husband's instrumentality for the conduct of his business affairs or a method of operation therefor; indeed that it might be viewed as no more than a method of accounting (for purposes of resolving the legal question).

■ In the case presently before us the proof was such as to entitle the trial court, for purposes of the litigation, to conclude that the appellant's wholly owned corporation was indeed his *alter ego,* and that the increase thereof was and became a part of the parties' community estate. Further, the court held that there had been such a commingling of the community property with that purportedly corporate, and as such claimed as the separate property of the appellant, that any segregation of that portion which he claimed as his separate estate was impractical or impossible. We also hold that the evidence fully warranted the trial court's conclusion.

■ Appellant presents a point of error contending that the trial court erred in failing to make and file further, additional and amended findings of fact and conclusions of law as requested by him. The trial court filed Findings of Fact and Conclusions of Law in obedience to request therefor made under the provisions of T.R.C.P. 296, "Conclusions of Fact and Law". The court also filed additional and amended findings upon additional request therefor made under the provisions of T.R.C.P. 298, "Additional or Amended Findings". Of the great number requested only a few additional findings were made. No bill of exception was taken be-

cause of the court's failure to make more. In view thereof appellant waived the error if any of the trial court in this regard. Nevertheless we also hold that the trial court did make all the necessary findings of ultimate issues upon which the case was determined. The appeal was taken with the aid of a full and complete statement of facts and no prejudice could be said to have accrued to appellant. He was not deprived of any right to preserve and present any error of which he wished to complain.

It is believed that our opinion has embraced discussion and indicated our holdings upon all the points of error presented. In any event we have severally considered the same and they are all overruled.

Judgment is affirmed.