**Joseph MEA, Appellant,**

**v.**

**Doris MEA, Appellee.**

**Nos. 516, 533.**

Court of Civil Appeals of Texas, Tyler.

Jan. 21, 1971.

Rehearing Denied Feb. 18, 1971.

---

[1]. Isbill v. Stovall, 92 S.W.2d 1067 (Tex. Civ.App.1936, no writ); Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705 (1944).

Saunders, Caldwell & Schmidt, J. Byron Saunders, Tyler, for appellant.

Tyner, Bain & Creel, J. W. Tyner, Jerry Bain, Tyler, for appellee.

DUNAGAN, Chief Justice.

The appeals in both causes originate from a divorce suit. The suit was originated by the filing of a petition by the appellant, Joseph Mea, against the appellee, Doris Mea, for a divorce in the Court of Domestic Relations in and for Smith County, Texas. The appellant in his petition alleges "(t)hat, during the marriage of plaintiff and defendant, they acquired certain community property, all of which can be amicably partitioned between the parties." He prayed for judgment dissolving the bonds of matrimony between the plaintiff and defendant and for all other and further relief to which he may be entitled, either in law or in equity. Subsequently appellee filed her counter-suit for divorce alleging that she and the appellant had acquired certain community property during the marriage and sought a fair and equitable disposition of such community property. She also alleged that she had no separate property or income and no means of paying her attorneys for their services to her in this suit. No children were born to this marriage.

The appeal in cause No. 516 is from an interlocutory order of the court appointing a receiver.

The appeal in cause No. 533 is from a judgment of the court disposing of the case on its merits. In the last mentioned judgment the trial judge denied appellant a divorce but granted appellee a divorce on her counter-suit, and in its judgment made appellee a money award of $90,000.00 with a separate lien upon certain properties to secure the payment of said money award and continued all temporary orders including the order of receivership pending final disposition of any appeal. Appellant timely perfected his appeal to this court in each of the causes. Both appeals were consolidated in this court for purposes of appeal pursuant to the joint motions of the parties therefor.

Appellant is not appealing from that portion of the judgment of the trial court awarding the divorce to appellee, but makes this appeal only as respects the receivership order and the division of the property made by the trial court in its final judgment.

The appellant's complaint in his second point of error is: "The trial court erred and abused its discretion in failing to make and file additional and amended findings of facts as requested by appellant." The case was tried before the court without a jury. The record reflects that the court made and filed findings of fact and conclusions of law pursuant to appellant's request therefore. Thereafter appellant timely made and filed his request for additional findings of fact and conclusions of law to which the court failed to respond. Appellant timely filed a written objection to the court's failure to so respond to his request and filed his written bill of exception No. 1. Appellant here urges that the failure of the trial court to make and file the additional findings of fact and conclusions of law constitutes error and an abuse of discretion of the trial court.

The trial court approved appellant's bill of exception No. 1 with the following qualification: "Requested additional findings were evidentiary and not ultimate facts or conclusions." The record contains no exception or objection to the qualification made by the judge. The bill with the qualification was by appellant accepted as true and correct in the trial court and filed by him therein. Under the settled law of this state when appellant excepted and filed the bill of exception as qualified by the trial court, he became bound by such qualification, and it will be presumed that the qualification was made with the consent and approval of appellant. The qualification becomes a part of the bill itself and is controlling as to the facts stated therein. We, therefore, must accept the same as true. Craddock v. Humble Oil & Refining Co., 234 S.W.2d 137, 141 (Tex.Civ.App., Ft. Worth, 1950, writ ref., n. r. e.); Kirkland v. Texas and Pacific Railway Company, 372 S.W.2d 367 (Tex.Civ.App., El Paso, 1963, writ ref., n. r. e.); Hall v. Texas Department of Public Safety, 413 S.W.2d 470 (Tex. Civ.App., Austin, 1967, n. w. h.); 4 Tex. Jur.2d, p. 47, sec. 517; Rule 372, Texas Rules of Civil Procedure, secs. (i) and (j). Duenkel v. Amarillo Bank & Trust Co., 222 S.W. 670 (Tex.Civ.App., Amarillo, 1920, writ ref.); Republic Underwriters v. Howard, 69 S.W.2d 584, 592 (Tex.Civ.App., Eastland, 1934, writ dism.); Lowrimore v. Sanders, 129 Tex. 563, 103 S.W.2d 739 (Tex. Sup., 1937).

In preparation of findings of fact and conclusions of law in cases tried by the court without a jury, the trial judge is required to find only ultimate, controlling issues of fact raised by pleadings and tendered by evidence, and is not required, even upon timely request, to make findings on issues of fact that are only evidentiary and incidental in nature. Cowling v. Colligan, 307 S.W.2d 841 (Tex.Civ.App., Waco, 1957, reformed and affirmed by the Supreme Court, 158 Tex. 458, 312 S.W.2d 943; Wade v. Taylor, 228 S.W.2d 922 (Tex.Civ. App., Amarillo, 1949, n. w. h.); Moore v.

Campbell, 254 S.W.2d 1018, 1024 (Tex.Civ. App., Austin, 1953, writ ref., n. r. e.).

Also under our Rules of Civil Procedure where there is a conflict between provisions of a bill of exception and statement of fact, those in the bill control. Rule 372(k), T.R. C.P.; Johnson v. Allen, 285 S.W.2d 771, 777 (Tex.Civ.App., Eastland, 1956, n. w. h.; Aguilera v. Reynolds Well Service, Inc., 234 S.W.2d 282 (Tex.Civ.App., San Antonio, 1950, writ ref.).

Nevertheless in our opinion the trial court did make all the necessary findings of ultimate issues upon which the case was determined. A full and complete statement of facts is before this court and no prejudice could be said to have accrued to appellant. Dillingham v. Dillingham, 434 S.W.2d 459, 462 (Tex.Civ.App., Ft. Worth, 1968, writ dism.).

■ Appellant by his points of error three, four and five contends that the trial court abused its discretion in the division of the property and by placing a special lien against all the property owned and/or claimed by appellant.

The court in its judgment pursuant to a stipulation entered in open court awarded to appellee Doris Mea certain items of furniture and other personal property owned by her prior to this marriage. In respect to the disposition of the other property involved, which forms the basis of this appeal, the judgment provides:

"IT IS FURTHER ORDERED, ADJUDGED and DECREED by the Court that Cross-Plaintiff, DORIS MEA, do have and recover of and from the Cross-Defendant, JOSEPH MEA, the sum of NINETY THOUSAND AND NO/100 ($90,000.00) DOLLARS, together with six per cent (6%) interest per annum thereon from date of Judgment until paid, and for all costs of suit, which sum the Court in the exercise of its discretion pursuant to the laws of the State of Texas finds to be just, right, fair and equitable without regard to whether the property so divided is community, separate, or mixed, taking into consideration all of the evidence in the record, including but not limited to the cause of the parties' inability to live together as husband and wife, the benefits DORIS MEA would have derived from the estate or through a continuance of the marriage, disparity in earning powers of the parties, business opportunities, capacities and abilities, and the relative conditions of the parties, their obligations, ages and the relative size of their separate and community estates."

The appellant contends that the portion of the judgment awarding to appellee the sum of $90,000.00 is manifestly unjust to him.

Omitting the formal parts, the court's findings of fact are as follows:

"1. During the marriage of JOSEPH P. MEA and DORIS MEA, Joseph P. Mea was guilty of excesses, cruel treatment and outrages towards Doris Mea.

"2. During this marriage JOSEPH P. MEA was in full control of the company, MEA INTEREST, INC. of Texas, and the company, MEA INTEREST, INC. of New Jersey by virtue of the fact that he owned the only voting stock in such companies. Prior to the marriage and during the marriage of JOSEPH P. MEA and DORIS MEA, Joseph P. Mea made all of the decisions regarding corporate matters, including disbursements of funds, without consulting any other officer or director. By virtue of such control of the corporations, it is the finding of this Court that all of the income of such corporations was under his control and/or subject to his appointment as shown by the evidence.

"3. JOSEPH P. MEA owns substantial separate property.

"4. DORIS MEA owns no separate property other than that mentioned in the Judgment.

"5. JOSEPH P. MEA's earning capacity is very impressive, and by conventional standard he has the ability to make and earn large sums of money.

"6. By comparison DORIS MEA has a small earning capacity.

"7. JOSEPH P. MEA's business opportunities are prospectively lucrative.

"8. DORIS MEA has no business opportunities.

"9. DORIS MEA was not at fault in the break-up of the marriage.

"10. DORIS MEA could have reasonably anticipated and expected to gain great financial benefits as a result of the continuation of this marriage.

"11. The business abilities of the respective parties are widely divergent in that JOSEPH P. MEA is involved in several companies that gross large sums of money each year, and DORIS MEA's ability is limited to working as a clerk or secretary for weekly or monthly wages.

"12. The length of the marriage, the relative ages and health of each of the parties was also considered in arriving at a proper, just and equitable property division.

"13. The net worth of the parties without regard as to whether the property comprising such net worth is community, separate or mixed, is substantial.

"14. The attorneys for DORIS MEA have earned a very substantial fee. This is also taken into account in the division of the property owned, claimed and/or controlled by the parties. The services by said attorneys under the circumstances in this case were a necessity to the said Doris Mea.

"15. The Court finds that the Judgment heretofore rendered, reference being made here to such Judgment for the purpose of incorporating the same herein, awarding NINETY THOUSAND AND NO/100 ($90,000.00) DOLLARS to DORIS MEA, is fair, equitable and just without regards to whether the property so divided be separate, community or mixed.

"16. Any finding of fact herein which is more properly a conclusion of law shall be deemed to be a conclusion of law."

The court concluded as a matter of law that "A fair, just and equitable division of the property belonging to, claimed or controlled by the parties without regard to whether such property is community, separate or mixed, is accomplished by awarding a Judgment for NINETY THOUSAND AND NO/100 ($90,000.00) DOLLARS to DORIS MEA, payable in eight (8) annual installments of TEN THOUSAND AND NO/100 ($10,000.00) DOLLARS each after the initial installment of $10,000.00, with interest on such installments to be due and payable at the time of such installment i. e. the 24th day of June each year until such Judgment together with the interest accruing thereon is paid in full; together with the items of property stipulated between the parties to be the separate property of DORIS MEA; with JOSEPH P. MEA to receive all other properties owned, held, claimed or controlled by either of the parties; and for each party to pay his or her own attorneys for services rendered to him or her respectively from the property awarded to each of them in the Judgment on file herein."

There is evidence in the record that the value of the total properties, separate and community, owned by the parties is $1,098,-045.00; that the value of that portion of the property acquired during the marriage is $313,845.00.

In this State the law is well established that in the division of property in suits for divorce our courts are vested with wide discretionary powers. White v. White, 380 S.W.2d 672 (Tex.Civ.App., Tyler, 1964, writ ref., n. r. e.). Also in the absence of abuse of such discretion, the trial court may divide the property, separate or community, in such

a way as will seem right, just and proper to the court. Roye v. Roye, 404 S.W.2d 92, 96 (Tex.Civ.App., Tyler, 1966, n. w. h.); Dobbs v. Dobbs, 449 S.W.2d 119 (Tex.Civ. App., Tyler, 1969, n. w. h.); Hearn v. Hearn, 449 S.W.2d 141, 145 (Tex.Civ.App., Tyler, 1969, n. w. h.).

Dillingham v. Dillingham, supra, is a case analogous to the fact situation before us in the instant case. In that case there was allegedly separate property involved in a corporation similar to the allegations in the case at bar. The court there made a division of the property and actually divided the corporate property equally between the appellant and appellee. The trial court in its findings of fact and conclusions of law made the following finding:

"'* * * I find also that the division of property between the parties herein as set out in the Judgment on file herein is equitable and just without regard to whether the property so divided is community, separate or mixed.'"

In response to this finding and in upholding the trial court's discretion for the property awarded, the Court of Civil Appeals stated:

"It is true that the trial court did not agree with appellant's contention that the corporate property actually constituted the separate property of appellant, but it was made plain that the court intended appellee to have what was awarded to her whether or not he was mistaken as to its character."

The trial court in the exercise of its discretion, in dividing the property in a divorce suit, may take into consideration any disparity between the earning powers, the business opportunities, capacity and ability of the parties, fault in breaking up the marriage, and the benefits the innocent spouse would have received from a continuation of the marriage. Roye v. Roye, supra; Pickitt v. Pickitt, 401 S.W.2d 846 (Tex.Civ.App., Tyler, 1966, n. w. h.); Middlesworth v. Middlesworth, 380 S.W.2d 790 (Tex.Civ. App., Forth Worth, 1964, n. w. h.).

■ The appellant also complains of that portion of the judgment which fixed "a special lien upon the property, real and personal, hereinafter set aside to the Cross-Defendant, JOSEPH MEA, as his separate property for the payment of said sums; * * *."

The trial court was vested with the authority to fix an equitable lien on appellant's separate property to secure the payment of the money judgment to appellee. Mozisek v. Mozisek, 365 S.W.2d 669 (Tex. Civ.App., Ft. Worth, 1963, writ dism.) The lien fixed to secure said sum of money awarded to the appellee is not void for failure to describe the appellant's property on which it was imposed, since identification of the property is a matter of proof in whatever equitable proceedings may be instituted for the enforcement of the lien. Hursey v. Hursey, 165 S.W.2d 761, 765 (Tex.Civ.App., Dallas, 1942, writ dism.); Smith v. Smith, 187 S.W.2d 116 (Tex.Civ. App., Ft. Worth, 1945, n. w. h.); 20 Tex. Jur.2d, p. 581, sec. 252.

In applying these well established rules of law to the record before us, we would not be justified in saying that the trial court abused its discretion in the adjudication of the property rights of the parties. Appellant's second, third, fourth and fifth points are overruled.

The Court by its final judgment continued the order granting the receivership until final disposition of the controversies between the parties in the event of an appeal.

In view of our disposition of this case, appellant's first point of error complaining of the trial court's order appointing a receiver becomes moot; therefore, the appeal in cause No. 516 is dismissed.

The trial court's final judgment is affirmed.

## ON MOTION FOR REHEARING

Appellant has filed a motion for rehearing in which he complains first of that portion of the judgment of this court which di-

rects the clerk of the trial court to "apply said cash deposit toward the payment of the full amount of the aforesaid judgment and costs," because he contends the judgment reforms and modifies the judgment of the trial court. With this complaint we tend to agree, but not for the reasons urged by appellant.

The judgment of the trial court awarded a cash judgment to appellee in the sum of $90,000.00 to be payable by the appellant in installments of $10,000.00, first payment due and payable on or before 10 days after the entry of the judgment and the balance of $80,000.00 in eight annual installments of $10,000.00 each beginning one year from the date of the entry of judgment, with a like sum becoming due and payable on or before June 24 each year thereafter until the judgment is fully paid.

In accordance with Rule 364(h), T.R.C.P., the clerk of the trial court certifies that the appellant has deposited with said clerk, in lieu of the supersedeas bond, cash equivalent to the amont of the bond as provided by Rule 364(a), T.R.C.P. Appellant in his motion for rehearing, makes the following statement: "Appellant's counsel recognizes that this Court under Rule 435, T.R.C.P., has the right to modify a judgment when it is affirmed, to dispose of the costs, and to render a judgment against the supersedeas bond, if any, *for the costs.*" (Emphasis added.) Appellant has cited no authority for this statement, and our examination of the problem indicates that the statement is not entirely correct.

We are mindful that the judgment also gave the appellee a lien on the separate property of appellant, as set out therein, to secure and satisfy the payment of the $90,-000.00 awarded to appellee. However, the supersedeas bond was entered into freely and voluntarily as additional security for the payment and satisfaction of the judgment as the price for a stay of the judgment pending appeal.

The requirements and effect of a supersedeas bond are provided by our rules of civil procedure. Rule 364(a) provides for the amount and the condition of the bond and is the only such provision applicable in a case involving a money judgment, except for sec. (h) of Rule 364 which provides that in lieu of a bond, the appellant may deposit with the clerk cash equivalent to the amount of the required bond. We have found no authority, nor can we advance any logical reason, for the intent and purposes of the supersedeas bond to be altered in any way by a deposit of cash in lieu of the bond. We therefore apply the same principles and rules of law that would apply had this appellant filed a supersedeas bond rather than cash in lieu of the bond.

It is stated in the case of Elliott v. Lester, 126 S.W.2d 756 (Tex.Civ.App., Dallas, 1939, n. w. h.):

"* * * The purpose of a supersedeas bond is to furnish indemnity to the appellee, and to suspend the remedies allowed for realizing on the judgment. It is security in addition to the personal liability of those responsible for the payment of the judgment, and effectively suspends the remedies for the enforcement of the judgment, pending the appeal. 'The sole purpose of requiring an appeal or supersedeas bond must therefore necessarily be to furnish security to the appellee in addition to the personal responsibility of the appellant. Automobile Insurance Co. v. Teague (Tex.Com.App.) 32 S.W.2d 824.' * * *

"In the case of Ford v. State, Tex.Civ. App., 209 S.W. 490, 492, * * * (t)he court said: 'We hold that an appeal from a judgment of any character, upon a supersedeas bond, does not suspend the judgment, but only stays its execution pending the appeal. * * * The judgment itself remains in full force until it is reversed. If it be affirmed, the appellate court does not enter a new judgment in the case, nor revive the judgment of the trial court, but only removes the impediment to its execution. In this connection, we call attention to the fact that a supersedeas bond, as defined by our

statute, does not purport to suspend the judgment from which the appeal is taken, but only to suspend "the execution of the judgment." * * *'" See Rule 364, 368, T.R.C.P.; Renger v. Jeffrey, 143 Tex. 73, 182 S.W.2d 701 (Tex.Sup., 1944); Ex Parte Kimbrough, 135 Tex. 624, 146 S.W.2d 371 (Tex.Sup., 1941). "Supersedeas and Stay of Proceedings" by F. Hastings Pannill, Appellate Procedures in Texas (Matthew Bender & Co., 1964), Chapter 6, p. 6–1.

In Ford v. State, supra, 209 S.W. at page 493 in discussing the effect of a supersedeas bond, we find this statement: "If a case is affirmed, the judgment, sentence, and decree of the appellate court is that the judgment of the lower court shall be enforced. As hereinbefore stated, this does not mean that the judgment of the lower court is revived, but that it has been in force all the time, and that it shall be performed as originally rendered."

 Rule 435, T.R.C.P., provides that when this court affirms the judgment of the trial court it shall render judgment against the appellant "and the sureties on his supersedeas bond, if any, for the performance of said judgment or decree, and shall make such disposition of the costs as the court shall deem proper, rendering judgment against the appellant and the sureties on his appeal or supersedeas bond, if any, for such costs as are taxed against him. * * *" The sureties in such instance therefore have a judgment rendered against them not only for the cost but for the judgment of the trial court itself. They act as indemnity, in addition to the personal liability of the appellant to the appellee for the performance of the judgment rendered. See Harris v. Keoun, 135 S.W.2d 194 (Tex.Civ.App., Waco, 1939, writ ref.) and Casray Oil Corp. v. Royal Indemnity Co., 165 S.W.2d 244 (Tex.Civ.App., Galveston, 1942, affirmed 141 Tex. 33, 169 S.W.2d 955). This being the case, where appellant has deposited cash in lieu of a bond, then such cash must of necessity serve as indemnity to appellee in addition to appellant's personal liability for the performance of the judgment. This cash deposit, however, is not in payment of the judgment and costs, but is only security for the payment of such. See Bayoud v. Nassour, 408 S.W.2d 344 (Tex.Civ.App., Dallas, 1966, writ ref. n. r. e.).

It is ordered that the judgment of the lower court shall be enforced. Our judgment as previously entered is hereby modified to read as follows: "* * * and it appearing to the court that cash in lieu of a supersedeas and cost bond has been deposited in the registry of the court below by appellant, Joseph Mea, judgment is hereby rendered against said cash deposit for the performance of said judgment of the trial court in accordance with the terms thereof and costs; in the event there are funds remaining after the performance of the judgment and costs, such funds shall be returned to the appellant; and that this decision be certified to the court below for observance." The clerk of this Court will therefore correct the judgment entry so as to conform to this order.

Appellant's motion for rehearing in all other particulars is respectfully overruled.