Jose I. **GONZALEZ**, Appellant,

v.

Gloria **GONZALEZ**, Appellee.

No. 6249.

Court of Civil Appeals of Texas, El Paso.

Aug. 2, 1972.

Rehearing Denied Sept. 20, 1972.

Galvan & Galvan, Frank J. Galvan, Jr., El Paso, for appellant.

Armendariz & Armendariz, Albert Armendariz, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is an appeal from a divorce suit. Appellant and Appellee were married on March 15, 1965. Appellant originally filed for divorce on April 29, 1968. Thereafter, a reconciliation was effected between the two parties, and Appellee filed a motion to dismiss Appellant's cause of action on June 25, 1970. On July 10, 1971, Appellee filed a cross action. Trial before the Court was held, and judgment rendered on September 23, 1971, granting the divorce. We affirm.

Appellant contends, by his first point of error, that the divorce judgment rendered is invalid and void because Appellee's "cross petition failed to aver the residence requirement for her divorce action" and that Appellant never submitted himself to the jurisdiction of the trial Court as he was not served with process on Appellee's cross action. Appellee's petition in her cross action stated: "That both parties are residents of this county and this state and have been so for the required jurisdictional period." The record reflects no complaint made by Appellant in regard to the aforementioned averment. Rule 90, Texas Rules of Civil Procedure, provides that every defect in a pleading either of form or substance shall be deemed to have been waived unless pointed out by motion or exception except as to any party against whom default judgment is rendered. Appellant has waived any objection as to the residence requirement averred in Appellee's cross petition. See Long v. Long, Tex.Civ.App., 365 S.W.2d 214; Har-

ris v. Harris, Tex.Civ.App., 190 S.W.2d 489. Further, Appellant's assertion 'that he did not waive service of process nor voluntarily submit himself to the jurisdiction of the trial Court is without merit, as the record reflects Appellant appeared both personally and through his attorney before the Court, and his attorney approved the final judgment as to form. Such appearances had the same effect as service of citation. Rule 120, T.R.C.P. Appellant's first point of error is overruled.

 Appellant urges, in his second point of error, that the Family Code is "invalid, void, unconstitutional and repugnant to public policy." Appellant does not point to which section of the Constitution he deems to be in conflict, and a mere assertion of unconstitutionality without more specificity is insufficient for appellate review. Ranniger v. State, Tex.Civ.App., 460 S.W.2d 181; Rule 418, T.R.C.P. Appellant's second point of error is overruled.

Appellant's third point of error is that the trial Court erred in refusing to make further findings of fact and conclusions of law in regard to the character of the community and separate property involved. The record contains a complete and detailed audit of all property possessed before and acquired after the marriage of Appellant and Appellee. The judgment reflects that such audit was given due and complete consideration by the trial Court in effecting a division of the property. Further, most of Appellant's requested findings are dealt with in the judgment. Appellant cites no authority in support of his argument that there should have been further findings of fact and conclusions of law, and we perceive no error. Appellant's third point of error is overruled.

Appellant's fourth and fifth points of error are that the trial Court erred in finding that the Appellant co-mingled his separate estate with property acquired during the marriage and in partition of the property. The detailed audit considered by the trial Court and before this Court reveals no abuse of discretion. Pickitt v. Pickitt, Tex.Civ.App., 401 S.W.2d 846; Dillingham v. Dillingham, Tex.Civ.App., 434 S.W.2d 459 (dismissed). The large number of deposits and withdrawals of Appellant's savings account and absence of Appellant's tracing and identification of such was adequate basis for the trial Court to conclude that co-mingling had occurred. Cox v. Cox, Tex.Civ.App., 439 S.W.2d 662; Vickerstaff v. Vickerstaff, Tex.Civ.App., 392 S.W.2d 559. Appellant's fourth and fifth points of error are overruled.

The judgment is affirmed.