**Douglas Edward HALL, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 11484.

Court of Civil Appeals of Texas.

Austin.

March 22, 1967.

Mark A. Troy, Jr., Dallas, for appellant.

Crawford Martin, Atty. Gen., Howard M. Fender, Robert E. Owen, Asst. Attys. Gen.,

Austin, Bill Lofland, County Atty., Rockwall, for appellee.

PHILLIPS, Chief Justice.

A Justice Court of Rockwall County, Texas made an affirmative finding that appellant was an habitual violator of the traffic laws having had four convictions arising out of different transactions in a consecutive period of twelve months for moving violations under the provisions of Vernon's Ann.Tex.Rev.Civ.Stat. art. 6687b, Secs. 22(a) and (b).

Pursuant thereto, the Department of Public Safety issued its order suspending his driver's license for a period of six months.

Appellant appealed to the County Court of Rockwall County to set aside the order under Tex.Rev.Civ.Stat.Ann. art. 6687b, Sec. 22(c).

The Department of Public Safety filed its answer and cross-action to the suit, together with its sworn motion for summary judgment, seeking suspension of appellant's license for a period of twelve months.

Appellant did not answer or otherwise formally reply to the Department's cross-action or motion for summary judgment.

Upon hearing the County Court found that there was no genuine issue of fact to be determined, that the law was with the Department and entered summary judgment for the Department on its cross-action suspending appellant's driver's license for a period of twelve months.

We affirm this judgment.

Appellant is before this Court on four points of error. Point of error number two (points one, three and four having been briefed together will be discussed together) is that of the trial court in rendering a judgment of suspension of appellant's license because the notices of conviction of defendant for violations of the Uniform Traffic Code were insufficient upon which

to base a judgment in that no showing was made that *Judgments* of conviction were entered on the records of the Department-Appellee nor upon any of the courts presiding over the four (4) hearings upon which the suspension was based prior to the administrative hearing by the Justice of the Peace.

We overrule this point.

Appellant complains because the notices of conviction for traffic violations were insufficient upon which to base a judgment.

The Department's cross-action alleges that Hall was an habitual violator of the traffic laws and recites fully the dates of commission of four moving traffic violations within a twelve month period arising out of different transactions, and the respective dates of conviction in each case. It alleges the same were final convictions and reflects the venue of the offenses, the court in which each was tried, the docket number of each case and the fine assessed and paid in each case. It further alleges that each offense was a moving traffic violation, towit, speeding.

Appellant filed no special exceptions and no answer to the cross-action.

The Department's motion for summary judgment also fully sets forth that the statutory requirements had been complied with leading up to the suspension order.

Appellant did not reply to or otherwise controvert the motion for summary judgment.

Attached and incorporated into the motion for summary judgment as exhibits were the suspension order of the Department, a certificate from the Department's deputy custodian of driver records (showing appellant's traffic violations), and four properly authenticated notices of conviction showing he had been convicted of four moving traffic violations in a consecutive period of twelve months.

Each notice of conviction recited the name and address of the appellant, the number of his commercial operator's license, the registration number of the vehicle involved, the nature of the offense as speeding, the name of the court, the docket number of the case, the date of the offense, the plea, the date of hearing, the judgment and the amount of fine paid.

Each notice was properly authenticated and in substantial compliance with the provisions of Tex.Rev.Civ.Stat.Ann. art. 6701d, Sec. 152. The notices are public records required to be maintained under the authority of Tex.Rev.Civ.Stat.Ann. art. 6687b, Secs. 21 and 25, and were admissible into evidence as such public documents under Tex.Rev.Civ.Stat.Ann. art. 3731a. Since they were admissible, when incorporated into the motion for summary judgment, these notices of conviction were prima facie evidence of the matters stated therein. Texas Department of Public Safety v. Miller, 386 S.W.2d 760 (Tex.1964); Texas Department of Public Safety v. Richardson, 384 S.W.2d 128 (Tex.1964).

Appellant did not controvert or otherwise formally reply to the motion for summary judgment, and being admissible, the notices of conviction are presumed to reflect correctly the provisions of the respective judgments upon which they are based. It was then incumbent upon Hall to contradict or rebut the validity of the convictions and the suspension order. Texas Department of Public Safety v. Richardson, supra; Cooley v. Texas Department of Public Safety, 348 S.W.2d 267 (Tex.Civ. App. Fort Worth, 1961, no writ).

The failure to reply or controvert this sworn testimony in a manner recognized by Texas Rules of Civil Procedure, rule 166–A, forestalls legitimate complaint at this time. Smith v. Texas Department of Public Safety, 352 S.W.2d 958 (Tex.Civ. App. Fort Worth, 1962, no writ).

Also by Point Number 2, appellant bases much of his argument upon lack of notice,

insufficiency of evidence and other events which allegedly occurred at the administrative hearing conducted before the Justice Court.

■ The hearing in the County Court was a trial de novo under the provisions of Tex.Rev.Civ.Stat.Ann. art. 6687b, Sec. 22(a), (c), and the proceedings in the Justice Court are immaterial and irrelevant in the County Court and outside the record in this appeal.

■ Any defect there may have been in notice concerning the administrative hearing was rendered harmless by the de novo hearing in the County Court. Texas Department of Public Safety v. Richardson, supra.

Appellant made no showing that he had not committed the offenses for which he was convicted. He merely attempts a collateral attack upon the finality of the judgments of conviction for moving traffic violations. There is no evidence in the record to support such an attack.

■ Where appellant complains that the notices of conviction were at variance with the judgments thereunder, or the notices were inaccurate, he could have corrected them by the use of properly authenticated copies of the docket of the Justice of the Peace or Corporation Court Judge. Texas Department of Public Safety v. Richardson, supra.

■ The notices, or abstracts, may be corrected, but until corrective measures are taken, such notices, or abstracts, are to be accepted as evidence of "the matters stated therein." Texas Department of Public Safety v. Miller, supra.

■■ It is well settled that the notices of conviction are proper evidence and will support a summary judgment in a driver's license suspension case. Smith v. Texas Department of Public Safety, supra. There were no genuine issues as to any material

fact; therefore the County Court properly rendered summary judgment herein.

Appellant's points of error 1, 3 and 4 are that of the trial court in refusing the service of a court reporter to record all the testimony in this case; appellant challenges the qualifications to the bills of exception filed in this Court in that the County Court of Kaufman County is a court of record in this State and appellant was entitled to have a court reporter available and not to be placed in a position of impliedly waiving a court reporter or being unable to go to trial; appellant challenges the qualifications to the bills of exception filed in this Court in that appellant was entitled to have a court reporter available to record the testimony and evidence in the court below and not be required to rely upon bills of exception.

We overrule these points.

Appellant contends that he was told that a court reporter was unavailable and that he was forced to go to trial without the services of a court reporter. Nowhere in the record is there anything to indicate there was a refusal to provide a court reporter or that he was forced to trial without one.

Appellant attempts to bring the matter before this Court by his bill of exception. Such bill of exception was refused because the same was incorrect and not filed within the proper time.

In refusing appellant's bill of exception No. 4, the County Judge qualified it by stating appellant was informed the securing of a court reporter would cause delay in the hearing, but that if he (appellant) so desired, a court reporter would be secured. The Judge's qualification further states the hearing was commenced only after appellant, through his attorney, agreed to proceed without a court reporter.

■ The record contains no exception or objection · to the qualification by the judge, therefore this Court should review the bill of exception in light of its qualified form. Kirkland v. Texas and Pacific Ry.

Co., 372 S.W.2d 367 (Tex.Civ.App. El Paso 1963, writ ref'd n. r. e.).

The record contains no formal or seasonal demand for the services of a court reporter. Further, appellant agreed that a court reporter would not be necessary before proceeding to trial. Appellant cannot now insist this was error where he expressly waived the services of a court reporter.

As to appellant's points relating to the qualifications of his bills of exception, final judgment was signed and entered herein June 1, 1966. Appellant's bills of exception were presented on July 29, 1966 or 58 days later, which is a period in excess of the time within which to file bills of exception as required by Tex.R.Civ.P 381(a).

The trial court's judgment is affirmed

Affirmed.