**Charles Davis LOWE, Appellant,**

v.

**The TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 73.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 7, 1968.

Rehearing Denied Feb. 21, 1968.

R. E. McDaniel, Winnie, for appellant.

Joe Resweber, County Atty., Gus Drake, Asst. County Atty., Houston, for appellee.

BARRON, Justice.

This is an appeal from a judgment of the County Civil Court at Law No. 1 of Harris County, Texas, suspending the Texas operator's license and all motor vehicle registration receipts and license plates of Charles Davis Lowe until deposit is made by Lowe under the provisions of Article 6701h, Vernon's Ann.Tex.Civ.St., Texas Safety Responsibility Law. Appeal from the orders of the Texas Department of Public Safety was timely made by Lowe to the County Court.

Requests for admissions were made by the Department under Rule 169, Texas Rules of Civil Procedure on February 27, 1967, by which it was requested that Lowe admit the following: that Lowe was the owner of the vehicle involved in an accident on February 20, 1966, and that he was the operator of same; that the accident occurred on a public thoroughfare; that Leslie Melvin Loftis and Cynthia Ann Loftis sustained property damage and personal injuries as a result of the accident with Lowe in the sum of not less than $1,000.00; that at the time Lowe did not have liability insurance and that he had not furnished the Department evidence of compliance with the Safety Responsibility Act or that he had been excepted therefrom; that notice was sent by the Department requiring a deposit of $1,100.00, that no deposit was made and that the notices had been received by Lowe. Other subsidiary facts were also requested supporting the above essential facts. Appellant answered by stating in an unsworn document that this suit seeks to exact a penalty and that appellant refused to make the admissions requested because same would violate the appellant's Fifth Amendment rights under the Federal Constitution and would also violate his Texas constitutional rights. The claim was made that this suit is criminal in nature and that appellant's constitutional guarantee against self-incrimination is applicable. It was further stated in the answer that conclusions of law

were sought by appellee, and that appellant did not know the amount of damages sustained by the injured persons because he was not an expert. Appellant's answer to request for admissions was filed March 1, 1967.

On July 10, 1967, Lowe filed request for admissions by the Department requesting that it be admitted that not as much as $100.00 in damages was suffered by any person in the accident, that no person received personal injuries and that the total losses to all parties did not amount to as much as $100.00. The admissions of appellant were requested after motion for summary judgment had been filed by the Department on July 7, 1967, praying that the Department's requests for admissions, not having been satisfactorily answered by Lowe, be deemed by the trial court to be admitted and summary judgment entered by the court by reason of such admissions.

On motion of the Department of Public Safety, the trial court, on August 11, 1967, struck the request for admissions filed by Lowe. The order was based upon Article 340, V.A.T.S., which prohibits admissions by the County or District Attorney in any suit in which the State is a party if such admissions prejudice the rights of the State.

On September 1, 1967, the trial court entered summary judgment against Lowe suspending the license and plates above described until the required deposits were made, and in effect, upheld the administrative action of the Department of Public Safety. Attached to the motion for summary judgment were the unanswered requests for admissions, deemed admitted by the trial court, and an affidavit of T. G. Ferguson, Manager of Safety Responsibility, Texas Department of Public Safety, reciting the substance of the reports and demands filed in his office and which were sent to Lowe. Appellant, Lowe, has appealed to this Court from the judgment of the trial court.

■■■ Rule 169, T.R.C.P., is clear as to the effect of failing to file a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters. In this case the requests were properly served upon Lowe. He chose to rely upon his alleged constitutional right not to incriminate himself. It is a settled principle that a license or permit to drive an automobile on the public highways and streets is a privilege and not property or a property right, and is subject to reasonable regulations under the police power in the interest of public safety and welfare. A licensee cannot accept the privileges granted him by the State, and when suspension of the privilege is sought, refuse to give information pertaining thereto under a claim of self-incrimination. Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177; Kent v. United States, 157 F.2d 1 (5th Cir., 1946), cert. denied, 329 U.S. 785, 67 S.Ct. 297, 91 L.Ed. 673. See also Breithaupt v. Abram, 352 U.S. 432, footnote 2, 77 S.Ct. 408, 1 L.Ed.2d 448. Since the decision in the Gillaspie case, the Legislature has provided that the suspension or revocation of a license shall be considered as a penalty and subject to executive clemency as any other fine or punishment. Art. 6687b, Art. I, Sec. 1(r), V.A.T.S. But it was the intention of the Legislature only to subject such suspension to executive clemency, thus permitting a pardon or remission of the fine or punishment. Therefore, in suspending appellant's license, the Department of Public Safety was not attempting to recover a penalty, forfeiture or escheat within the purview of Article 5, Sec. 8, of the Texas Constitution, Vernon's Ann.St. Neither the Federal Fifth and Fourteenth Amendments nor similar rights under the Texas Constitution are applicable here. See Allen v. State, 410 S.W.2d 52 (Tex.Civ.App.), no writ, and cases cited.

■■■ It was further contended in appellant's so called answer that all requests called for conclusions of law. We overrule such contention. The request for ad-

missions clearly called for admissions of fact. Appellant further asserted that inasmuch as he was not an expert, he did not know how much damage was suffered by the parties to the accident. This reason, even if it had been sworn to, is clearly evasive and not in compliance with Rule 169. See Sanchez v. Caroland, 274 S.W.2d 114 (Tex.Civ.App.), no writ hist.; McPeak v. Texas Dept. of Public Safety, 346 S.W.2d 138 (Tex.Civ.App.), no writ hist.; Drake v. Texas Dept. of Public Safety, 393 S.W.2d 320 (Tex.Civ.App.), writ ref., n. r. e.

■ We hold that the trial court did not err in deeming the requests for admissions admitted, nor did it abuse its discretion by such action. Masten v. Masten, 165 S.W.2d 225 (Tex.Civ.App.), writ ref.; Frierson v. Modern Mut. Health & Accident Ins. Co., 172 S.W.2d 389 (Tex.Civ. App.), writ ref., w. o. m.; Ware v. Texboro Cabinet Corp., 350 S.W.2d 47 (Tex. Civ.App.), writ dismd.; and see 45 Tex. Jur.2d 543, et seq. It was within the discretion of the trial court to deem appellee's requests for admissions as admitted and to be true. Because appellant failed to make any effort to comply with Rule 169, and because the reasons assigned were insufficient, the trial court's action in rendering summary judgment was proper. Lozano v. Kazen, 313 S.W.2d 894 (Tex.Civ.App.), no writ; Wood v. Department of Public Safety, 311 S.W.2d 274 (Tex.Civ.App.), no writ; Palm v. La Mantia Bros. Arrigo Co., 287 S.W.2d 208 (Tex.Civ.App.), writ ref., n. r. e. A claim that the admissions called for hearsay testimony is improper and a clear evasion. Montgomery v. Gibbens, 245 S.W.2d 311 (Tex.Civ.App.), no writ.

■ The trial court did not err in striking appellant's request for admissions. The matters requested for admission of the Department were the exact converse of matters already requested by appellee approximately four months prior to appellant's request, and no answer was made. The trial court was empowered to regard appellant's request as an attempt to evade the Department's requested admissions. While we do not agree with the contention of appellee that appellant's request called for a violation of Article 340, V.A.T.S., by seeking an admission from the County Attorney against the State, we deem the above reasons sufficient to warrant the trial court's action in striking appellant's request for admissions under the circumstances.

■ Most of the contents of the affidavit of T. G. Ferguson filed in support of the motion for summary judgment were based upon hearsay statements of Mr. Ferguson regarding the reports and documents filed with the Department of Public Safety. The affidavit cannot be considered in support of the trial court's judgment so far as it relates to Mr. Ferguson's hearsay statements concerning the information obtained by the Department. Copies of admissible records themselves, properly authenticated, should have been submitted.

■ Appellant complains that the Department's pleadings are insufficient to sustain the judgment below, and that the burden of proof is upon the Department to prove each element of its case showing its right and authority to suspend the license, registration receipts and license plates of Lowe. However, the Department assumed the burden of proof, and appellant, by his failure to answer requests for admissions, provided the Department with sufficient evidence to sustain the summary judgment. The requests for admissions stood admitted, and there was obviously no fact issue for the court to determine. While appellee should have expressly filed a cross-action and fully alleged its case against appellant, its answer did contain the necessary allegations in general terms to the effect that Lowe was involved in a motor vehicle accident of such a nature as to place him within the provisions of the Safety Responsibility Act resulting in the issuance of the orders complained of, and that Lowe had wholly failed to comply with the provisions of the Act applicable to him within the time

and in the manner therein provided. There was no exception to the pleadings, and any specific objection thereto was waived. Rule 90; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562.

Finding no reversible error, the judgment of the trial court is affirmed.