Melissa Arby LOWE, Ind. and as Guardian
of Estates of Laura Lee Lowe and Har-
lan Dale Lowe, et al., Appellants,

v.

**EMPLOYERS CASUALTY COMPANY,**
Appellee.

No. 17292.

Court of Civil Appeals of Texas,
Fort Worth.

April 7, 1972.

Rehearing Denied May 5, 1972.

Thompson, Knight, Simmons & Bullion, and George C. Chapman, and Carl B. Lee, Dallas, for appellants.

Nelson, Sherrod, Carter & Oldham, and Eugene Sherrod, Jr., Wichita Falls, for appellee.

OPINION

BREWSTER, Justice.

This is an appeal from a summary judgment. The plaintiff herein, Employers Casualty Company, had issued a liability insurance policy to the defendants, Henry Culpepper and Raymond D. Branch, d/b/a A. C. Construction Company, by the terms of which plaintiff agreed: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident."

At the time in question A. C. Construction Company had constructed a trench on land under lease for oil to Texaco, Inc. On August 22, 1964, one Hayes Dean Lowe was killed by a cave-in while working in this trench. The liability policy referred to was in force at that time.

On April 7, 1966, Mrs. Hayes Dean Lowe and the children of her and her deceased husband filed suit No. 79,011-A against Henry Culpepper and Raymond Branch, d/b/a A. C. Construction Company, seeking damages for the death of Mr. Lowe. On April 8, 1966, defendants, Branch, Culpepper and A. C. Construction Company were served with citations in that case and they forwarded them on that day to the attorney for Employers Casualty Company who returned such items to these defendants and advised them that it would not defend that suit for them and that it would not satisfy any judgment that might be rendered therein. That case later proceeded to trial and resulted in the Lowes procuring a judgment against the defendants in that case for $82,000.00.

On April 26, 1966, the plaintiff, Employers Casualty Company, filed this suit No. 79,105-A against Henry Culpepper and Raymond D. Branch, d/b/a A. C. Construction Company seeking a declaratory judgment to the effect that the ·plaintiff had no obligation under the liability policy

in question to defend or protect said defendants from liability on the claim, demand or suit brought by the Lowes against the defendants.

Plaintiffs alleged that their policy issued to defendants contained Paragraph 8, which read as follows:

"When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

Plaintiff further alleged that they were not liable to the insureds under the policy because defendants failed to comply with this notice provision in that for many months following the accident on August 22, 1964, they wholly failed to notify the plaintiff of the accident and of Lowe's death and that this situation continued for a long time even after an attorney warned one of the insureds that they could or possibly would be sued by reason of the accident.

On June 20, 1969, an amended plea in intervention was filed in this case by Mrs. Lowe, the Lowe children and by Texaco, Inc. These intervenors sought a judgment requiring Employers Casualty Company to pay them the amount due on the judgment they had recovered against the defendants here in the other case and, in the alternative, they sought a declaratory judgment that the plaintiff is required to honor the provisions of the insurance policy that it had issued to defendants.

The plaintiff, Employers Casualty Company, then on April 29, 1971, filed a motion for summary judgment upon all of its claim alleging that the depositions, affidavits and admissions on file show that as a matter of law it is entitled to judgment.

The intervenors filed a written unsworn reply to this motion for summary judgment alleging: (1) that there are disputed fact issues in the case; (2) that plaintiff had waived the policy defenses that it asserted in its petition; and (3) that the defendants had given notice of the occurrence in question as soon as practicable.

On July 30, 1971, the trial court rendered a summary judgment in favor of plaintiff, Employers Casualty Company, and against the defendants, Culpepper, Branch and A. C. Construction Company, and against the intervenors, which group included all of the Lowes and Texaco, Inc. This summary judgment decreed that plaintiff have judgment against all defendants and intervenors declaring with reference to the accident and resulting death of Hayes Dean Lowe occurring on August 22, 1964, and made the basis of suit No. 79,011–A, styled Lowe et al. v. A. C. Construction Company, that Employers Casualty Company has no legal obligation to defend or protect from liability the claim or suit of Mrs. Lowe and her children or Texaco, Inc., and that plaintiff owes no obligation whatever to any of the defendants or intervenors as to any matters connected with such accident, death or damages sustained as a result of said accident and discharging plaintiff from any liability to any of the defendants or intervenors by reason of that accident or Lowe's death.

None of the defendants appealed from this judgment and it has become final as to all of them.

All of the intervenors, consisting of all the Lowes and Texaco, Inc., have perfected this appeal.

Intervenors contend in their point one that the trial court erred in rendering the summary judgment because Employers Casualty Company waived its policy defenses against A. C. Construction Company and William D. Branch, individually.

The record does not reflect any legitimate evidence at all offered in connection

with the summary judgment hearing or otherwise that tends to show that the insurance company waived its policy defenses that it here relies upon.

■ This affirmative defense of waiver was one that intervenors were, by Rule 94, Texas Rules of Civil Procedure, required to plead in order to keep from waiving such defense.

The plaintiff in this case did have the burden at the summary judgment hearing of offering evidence to show that there was no genuine issue of fact as to the cause of action asserted by it. However, plaintiff did not have the burden of offering evidence at such hearing to negative the affirmative defense of waiver that intervenors are urging as a defense to plaintiff's cause of action. The burden was on the intervenors at such hearing to offer sufficient evidence to raise a fact issue on that affirmative defense. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958).

■ Because the evidence at the summary judgment hearing did not raise a fact issue on this issue of waiver we overrule this first point.

Further, relative to Intervenors' Point 1, the record reveals that pursuant to. Rule 169, T.R.C.P., the plaintiff herein made a request for admissions upon the intervenors and that instead of simply answering the request, as is contemplated by the rules, the intervenors filed as an answer to such request a long-winded non-responsive dissertation setting out various things which they claimed to be facts in the case. One of the intervenors' attorneys then signed this answer and swore that these answers to requests for admission are *to the best of his knowledge* true and correct and the instrument was then filed as "Intervenors' Answers to Plaintiff's Requests for Admissions."

Plaintiff then filed a motion to have these requests for admissions deemed admitted on the ground that the answers were non-responsive and further that since the affidavit stated that the answers were true to the best of affiant's knowledge, it was the equivalent of being no sworn answer at all.

The trial court granted the motion and deemed the request for admissions admitted.

This request for admissions and the referred to answers thereto were not offered in evidence at the summary judgment hearing but they do appear of record in the case.

It is to this non-responsive, self-serving, and insufficiently sworn to answer that was made by intervenors' attorney to the plaintiff's request for admissions that intervenors refer us to as constituting the evidence raising the above referred to issue of waiver.

■ A non-responsive answer to a request for admissions is not binding on the party making the request. Mosby v. Texas & P. Ry. Co., 191 S.W.2d 55 (El Paso Tex.Civ.App., 1945, no writ hist.); Halbert v. Sylestine, 292 S.W.2d 135 (Beaumont Tex.Civ.App., 1956, no writ hist.); and Halbert v. Batisse, 292 S.W.2d 139 (Beaumont Tex.Civ.App., 1956, no writ hist.).

The filing of an evasive or non-responsive answer to a request for admission is not a compliance with Rule 169, T.R.C.P. Lowe v. Texas Department of Public Safety, 423 S.W.2d 952 (Houston Tex.Civ.App. (14th Dist.) 1968, ref., n. r. e.).

■ We hold that the unresponsive answers to which we are referred by intervenors does not raise the issue of waiver as contended by intervenors, because it was in no way binding on or even admissible against the plaintiff. On this see Opinions of Subcommittee on Interpretation of Rules under Rule 169, Vol. 2, p. 175 (Admissions and Denials as Evidence), Vernon's Texas Rules Annotated. And see 27 T.L.R. 562.

■ An added reason why the unresponsive answers relied upon by intervenors cannot be considered as any evidence at all on the issue of waiver is because the affidavit thereto was insufficient to comply with Rule 169, T.R.C.P.

■ Where the affidavit attached to the reply to the request for admissions only states that the answers are true to the best of affiant's knowledge it is an insufficient affidavit. McIntire v. Sawicki, 353 S.W. 2d 952 (Eastland Tex.Civ.App., 1962, ref., n. r. e.) and Taylor v. Owen, 290 S.W.2d 771 (San Antonio Tex.Civ.App., 1956, ref., n. r. e.).

In their second point and in their argument under it intervenors contend that the question of whether the defendants, Culpepper, Branch, and A. C. Construction Company, gave notice of the August 22, 1964, accident in which Mr. Lowe was killed to the plaintiff insurance company as soon as practicable, as required by the policy, was a fact issue, and that the court therefore erred in rendering summary judgment in plaintiff's favor based on the proposition that as a matter of law such notice was not given as soon as practicable. We overrule this point.

Both parties in their briefs state that the accident that resulted in the death of Mr. Lowe occurred August 22, 1964. Appellants' (intervenors) brief states that Mr. Lowe was killed by a cave-in while working for Minderman Construction Company in a trench that had been built by A. C. Construction Company on land leased to Texaco, Inc. That brief also states that at the time of Lowe's death the defendants, Culpepper, Branch and A. C. Construction Company, were insured by plaintiff under a comprehensive liability policy which contained a provision requiring the insureds, when an accident occurs, to give notice thereof to the company as soon as practicable. The full contents of this notice provision are above set out. Appellants' brief further states that the Lowes sued the defendants herein and Texaco, Inc., in Case No. 79,187–A seeking damages for the death of Mr. Lowe and that the citations that were served on Culpepper, Branch and A. C. Construction Company in that case on July 30, 1965, were on that date sent to the plaintiff insurance company.

These statements, all contained in appellants' (intervenors) original brief, are not challenged and we accept them as correct. See Rule 419, T.R.C.P.

By affidavit, plaintiff proved that the first notice they were given by anybody of the occurrence of the accident in question and of Lowe's death was that notice they received on July 30, 1965, when the above referred to citations were sent to them by the defendants.

In reply to requests for admissions of fact served by plaintiffs upon defendants under Rule 169, T.R.C.P., the defendants admitted that July 30, 1965, was the first time they gave plaintiff notice of any kind of the occurrence of the August 22, 1964, accident in which Mr. Lowe was killed.

The insurance policy in question, including the wording of the notice provision as above shown, was proved up by affidavit.

The record thus shows the occurrence of the August 22, 1964, accident and death of Mr. Lowe; that the insureds had knowledge of the accident and death at the time it occurred; and a failure by the insureds for more than 11 months to give the plaintiff notice of such accident.

The intervenors offered no legitimate evidence of any kind tending to show any excuse or reason whatever for the defendants' delay of over 11 months in giving the plaintiff notice of the accident and of Lowe's death. They did not take depositions, request admissions or file affidavits.

■ The intervenors do refer this Court to statements that their attorney made in unresponsive answers to a request for admission of facts that plaintiff served upon them and to allegations contained in unsworn pleadings filed in this case by par-

ties other than the ones involved on this appeal, but these things referred to are not the type of evidence that a party can rely upon to create a fact issue at a summary judgment hearing.

■ With the record in this state we hold that the trial court correctly sustained plaintiff's motion for summary judgment on the grounds that the insureds failed as a matter of law to give notice of the accident as soon as practicable, as required by the policy. See Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955); Houck v. State Farm Mutual Automobile Ins. Co., 394 S.W.2d 222 (Beaumont Tex. Civ.App., 1965, ref., n. r. e.); Allen v. Western Alliance Insurance Co., 162 Tex. 572, 349 S.W.2d 590 (1961); and Trinity Universal Insurance Company v. Weems, 326 S.W.2d 302 (Austin Tex.Civ.App., 1959, no writ hist.).

■ The failure to give notice of accident as soon as practicable is a defense to a suit on the policy. New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56 (1945).

■ The intervenors' unsworn pleading, standing alone, was insufficient to raise a fact issue on waiver at the summary judgment proceeding. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958).

The appellee urges as a cross-point that since the entire cause of action for death benefits of Mr. Lowe has been assigned to and is now owned by Texaco, Inc., and since Texaco, Inc., is disqualified by the terms of Art. 4675, Vernon's Ann.Civ.St., from bringing suit on that death action, that all questions on this appeal are now moot.

The intervenors, in their reply brief, say that the effect of appellee's cross-point is to argue that the assignment of the wrongful death action by Mrs. Lowe and the Lowe children to Texaco, Inc., is invalid.

Through requests for admissions made by plaintiffs upon the intervenors and by virtue of the trial court's order deeming all such requests admitted the following facts were established: the suit asserted herein by intervenors is not owned by the Lowes, but is totally owned by Texaco, Inc., which company is also an intervenor herein; that by written assignment dated December 20, 1965, Mrs. Lowe and her children assigned all of their cause of action arising out of the death of Hayes Dean Lowe to intervenor Texaco, Inc.; that Texaco, Inc. owns that whole cause of action and did own it at the time judgment was taken in the name of the Lowes for $82,000.00 against defendants herein, Culpepper, Branch and A. C. Construction Company; and that at the time the written assignment of the death action from the Lowes to Texaco, Inc., was executed on December 20, 1965, no suit was then pending seeking to recover on the wrongful death action (Request No. 25).

The situation here is the same as if Texaco, Inc., had sued the defendants herein on the wrongful death action and had recovered the $82,000.00 judgment from them, because, although the Lowes were named in such suit as plaintiffs, they were not in fact the real plaintiffs because Texaco, Inc., had been assigned the cause of action prior to the recovery of the judgment and was in that suit the real plaintiff. Texaco, Inc., is also the real owner of the cause of action that they seek to recover on in this case through the Lowes, as intervenors.

The record reveals that Mrs. Lowe and her children at one time sued Texaco, Inc., for damages for the death of Hayes Dean Lowe and that the controversy between those parties was terminated by the Lowes taking a non-suit effective November 12, 1965. Texaco, Inc., then paid the Lowes $41,000.00 in settlement. The Lowes gave Texaco a covenant not to sue them and then on December 20, 1965, when no suit was pending, executed the written assignment assigning to Texaco, Inc., their cause

of action (against any other tort feasors) for damages for the wrongful death of Mr. Lowe.

Article 4675, V.A.T.S., provides: "Actions for damage arising from death shall be for the sole and exclusive benefit of and may be brought by the surviving husband, wife, children, and parents of the person whose death has been caused or by either of them for the benefit of all. If none of said parties commence such action within three calendar months after the death of the deceased, the executor or administrator of the deceased shall commence and prosecute the action unless requested by all of such parties not to prosecute the same. The amount recovered shall not be liable for the debts of the deceased."

A cause of action for wrongful death did not exist at common law. It is only by virtue of Article 4671 et seq., V.A.T.S., that such suits can be maintained.

In this case all of the relatives of Mr. Lowe who are designated in Art. 4675 as having the right to bring a suit for damages for his wrongful death joined in assigning that cause of action to Texaco, Inc., prior to ever recovering a judgment on that action.

One question we have presented here is whether an assignee of a cause of action for wrongful death can bring a suit to recover on the wrongful death action even though he is not named in Art. 4675 as being one of those who can bring such a suit.

We have not been cited to a case by either party passing directly on this question and we have not been able to find such a case.

However, in the case of Moore v. Lumbermen's Reciprocal Ass'n, 258 S.W. 1051 (Tex.Com.App., 1924), the court in discussing that question said at page 1055, the following:

"Defendant in error urges his position by way of analogy of the compensation statute in case of death to our general death statute, article 4698. That article reads:

"(The opinion here quotes the present Article 4675.)

"This statute means that, if none of the persons named in it bring an action, none shall be brought. That is, it gives to those in the group the sole and exclusive right to bring an action for damages for death as against all other persons. It is not certain until after action is brought and trial had and judgment entered in favor of one or more of the group that any one is entitled to damages under that statute. After such a judgment in favor of one or more of the group designated, we think no one would contend that such judgment does not become a vested right transmissible to the heirs of such person or persons."

We hold that Texaco, Inc., because of the plain provisions of Art. 4675, did not have the right to bring the action to recover damages for the wrongful death of Mr. Lowe either in their own name or in the name of the Lowes. We hold this because Texaco, Inc., is not in the group authorized by that statute to bring such a suit.

In addition to what we have said we call attention to the fact that all Texas cases that have passed on the question to date have held that an individual who is authorized to bring suit to recover damages for a wrongful death under Art. 4671 et seq., cannot assign to another his right to prosecute such action, with one exception. 40 A.L.R.2d 514; Texas Mexican Ry. Co. v. Showalter, 3 Tex.Ct. of Civ.App. Cases (Wilson) 92 (1886); and Southern Pac. Co. v. Winton, 27 Tex.Civ.App. 503, 66 S. W. 477 (1901, writ ref.).

The exception referred to is in instances where in making such an assignment the provisions of Art. 6636, V.A.T.S., have been complied with. This holding was made in Trinity County Lumber Co. v.

**390**

Holt, 144 S.W. 1029 (El Paso Tex.Civ. App., 1912, writ ref.)

The undisputed evidence here showed that this exception did not apply in this case because it showed that on the date the assignment was executed there was then no suit pending. In order to comply with Art. 6636 it is essential that a suit be pending at the time the assignment is executed.

We hold that the reasons advanced in appellee's counter-point are additional reasons why we should affirm this judgment.

Judgment is affirmed.