

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

November 29, 1973

The Honorable Robert W. Gage
County Attorney
Freestone County
Fairfield, Texas 75840

Opinion No. H-164

Re: Testimony by affidavit
in driver's license
suspension hearings

Dear Mr. Gage:

You have asked our opinion concerning the admissibility of an officer's affidavit in a driver's license suspension proceeding under Article 802f, Vernon's Texas Penal Code, the "implied consent" law. Section 2 of that article provides in part:

> "If a person under arrest refuses, upon the request of a law enforcement officer, to submit to a chemical breath test designated by the law enforcement officer as provided in Section 1, none shall be given, but the Texas Department of Public Safety, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this State while under the influence of intoxicating liquor and that the person had refused to submit to the breath test upon the request of the law enforcement officer, shall set the matter for a hearing as provided in Section 22(a), Chapter 173, Acts of the 47th Legislature, Regular Session, 1941, as amended (Article 6687b, Vernon's Texas Civil Statutes). . . ."

Section 22(a), Article 6687b, of Vernon's Texas Civil Statutes, establishes a hearing procedure initiated by the Director of the Department of Public Safety. The hearing is before a mayor, municipal judge or justice of the peace who reports

his findings to the Department, which then has the authority to suspend the license for the length of time recommended. In the event of an adverse finding by the hearing officer, the licensee has the right to appeal to the county court with the appeal to be tried de novo. On such appeal the burden remains with the State. Department of Public Safety v. Guleke, 366 S. W. 2d 662 (Tex. Civ. App., Amarillo, 1963, no writ).

Although a driver's license has been classified generally as a privilege rather than a right, [Gillaspie v. Department of Public Safety, 259 S. W. 2d 177 (Tex. 1953), Lowe v. Texas Department of Public Safety, 423 S. W. 2d 952 (Tex. Civ. App., Houston [14th Dist.] 1968, writ ref'd)], it may not be revoked or suspended without the observance of the due process guarantees of the Fourteenth Amendment to the United States Constitution. Bell v. Burson, 402 U. S. 535 (1971).

The facts and conclusions alleged in the arresting officer's affidavit will involve the major, if not sole, point of contention of any hearing on the suspension of a driver's license for failure to submit to a chemical test to determine the alcohol content of the blood. Due process requires that the licensee be given an opportunity at some point to confront and cross-examine the witness for the Department. If the licensee were not allowed to challenge the sufficiency of the officer's belief, he would not have an effective right to be heard.

However, the requirements of due process do not tie the State to a rigid procedural scheme. It has often been held that any deficiencies of a hearing in the justice court are cured by the trial de novo. Texas Department of Public Safety v. Richardson, 384 S. W. 2d 128 (Tex. 1964); Hall v. Texas Department of Public Safety, 413 S. W. 2d 470 (Tex. Civ. App., Austin, 1967, no writ). The United States Supreme Court has impliedly adopted this position by indicating that certain requisites of due process required in a driver's license suspension proceeding may be omitted at the administrative hearing if they are afforded at the trial de novo. Bell v. Burson, supra, at 543.

It is well established that the initial hearing before a municipal judge or justice of the peace is an administrative rather than a judicial proceeding.

See Attorney General Opinion M-653 (1970) and cases cited therein. Administrative hearings are not limited by the strict rules of evidence, and it is not error to permit the introduction of an ex parte affidavit. Traders and General Insurance Co. v. Lincecum, 126 S. W. 2d 692 (Tex. Civ. App., Fort Worth, 1939, no writ).

Therefore, it is our opinion that it is not error to permit the introduction of an officer's affidavit at the administrative hearing on a driver's license suspension, where there is provision for a trial de novo in the county court.

## SUMMARY

Since administrative hearings are not limited to the strict rules of evidence, introduction of an officer's affidavit at an administrative hearing on suspending a driver's license under Article 802f, Vernon's Texas Penal Code, is not error so long as there is an opportunity for a trial de novo in the county court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee