**Robert Allen HAWK**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY.**

**No. 01–83–0081–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 16, 1983.

Rehearing Denied Aug. 11, 1983.

Dougal C. Pope, Houston, for appellant.

Frank Sanders, Houston, for appellee.

Before EVANS, C.J., and BULLOCK and LEVY, JJ.

OPINION

LEVY, Justice.

This is an appeal from a summary judgment ordering that appellant's Texas driver's license be suspended for a period of one year from March 15, 1983, until March 14, 1984.

On March 15, 1982, appellant was convicted of the offense of operating a motor vehicle on a public highway while under the influence of intoxicating liquor. The conviction resulted in the automatic suspension of appellant's Texas operator's license

for a period of one year, in accordance with Tex.Rev.Civ.Stat.Ann. art. 6687b, § 24(a)(2) and § 24(b) (Vernon 1975).

On March 26, 1982, within the one year suspension, appellant was arrested for speeding, and was subsequently convicted. On August 26, 1982, an administrative hearing was held in the Municipal Court of Pasadena, Texas, and the judge found that appellant had committed an offense, driving while license suspended, for which upon conviction, his driver's license would be automatically suspended. The judge then ordered that appellant's operator's license be suspended for an additional twelve months. Tex.Rev.Civ.Stat.Ann. art. 6687b, § 22(b)(1) (Vernon 1981), and § 24(c) (Vernon 1975).

Appellant filed an appeal from the suspension of his operator's license with the County Civil Court at Law No. 2 of Harris County, Texas, in response to which appellee filed its motion for summary judgment with attached exhibits. Appellant responded with an amended petition and an answer to the motion for summary judgment in which he asked, as an alternative mode of relief, for a restricted driver's license pursuant to Tex.Rev.Civ.Stat.Ann. art. 6687b, § 25(a) (Vernon 1977). The court granted appellee's motion for summary judgment, and appellant appeals therefrom.

Appellant contends that the summary judgment is not a final, appealable judgment as it did not dispose of the restricted driver's license question; therefore, he asserts that this court does not have jurisdiction.

Appellant asked for the alternative relief pursuant to Article 6687b, § 25(a), which provides for the application for restricted driver's licenses for persons whose licenses have been suspended due to criminal convictions. It is not applicable to driver's license suspensions resulting from civil proceedings, as in the instant case. Rather, Article 6687b, § 23A(a), provides for occupational licenses for persons whose licenses have been suspended in civil proceedings.

Regardless of whether § 25(a) or § 23A(a) was pleaded, the issue of a restricted driver's license is irrelevant to the summary judgment suspending appellant's operator's license for an additional twelve months. In a summary judgment proceeding, the plaintiff, as movant, has the burden of producing proof which establishes as a matter of law that there is no genuine issue of fact as to any essential element of the plaintiff's cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.1970).

■ Appellee was able to accomplish this through the exhibits attached to its motion for summary judgment. Appellee established that appellant had his license suspended for one year and that he drove a motor vehicle on a public street, eleven days later, while his license was suspended. It presented a certified copy of the judgment of the County Criminal Court at Law No. 3 suspending appellant's license, and of the notice of final conviction for a traffic violation during the period of suspension. No summary judgment proof was introduced by appellant. This evidence supported the action of the appellee in suspending appellant's operator's license and required the summary judgment entered by the County Civil Court at Law No. 2. *Gaddy v. Texas Department of Public Safety*, 380 S.W.2d 783 (Tex.Civ.App.—Eastland 1964, no writ); *Texas Department of Public Safety v. Gil*, 292 S.W.2d 832 (Tex.Civ.App.—Austin 1956, no writ).

The issue of whether appellant should be granted a restricted driver's license is certainly not an essential element, nor is it even relevant, to the summary judgment proceeding. The summary judgment of the County Civil Court at Law No. 2 did not in any way prejudice or interfere with appellant's subsequent right to petition for an occupational license pursuant to § 23A(a).

Appellant's first point of error is overruled.

■ Appellant next contends that the trial court erred in granting the summary judgment as he was entitled to a trial de novo pursuant to Tex.Rev.Civ.Ann. art. 6687b, § 22(a), (c).

Appellant received his trial de novo, however, when he appealed his case to the County Civil Court at Law No. 2. In *Hall v. Texas Department of Public Safety*, 413 S.W.2d 470 (Tex.Civ.App.—Austin 1967, no writ), the court held that, "The hearing in the County Court was a trial de novo under the provisions of Tex.Rev.Civ.Stat.Ann. art. 6687, § 22(a), (c)..."

█ Appellant also complains that exhibit B, the notice of final conviction for the traffic violation, was hearsay. It is well settled that the notices of conviction are proper evidence and will support a summary judgment in a driver's license suspension case. *Hall, supra; Smith v. Texas Department of Public Safety*, 352 S.W.2d 958 (Tex.Civ.App.—Fort Worth 1962, no writ).

Appellant's second point of error is without merit and is overruled.

The judgment of the trial court is affirmed.