Steve **GRAFFAGNINO**, et ux., Plaintiff-Appellant,

v.

**FIBREBOARD CORPORATION**, et al., Defendants-Appellees.

No. 85-2146
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 25, 1985.

Walter Umphrey, Jeff Branick and Greg Thompson, Port Arthur, Tex., for plaintiff-appellant.

George A. Weller, Edward H. Green and R. Lyn Stevens, Beaumont, Tex., for Fibreboard Corp.

Gordon R. Pate, Beaumont, Tex., for Pittsburgh Corning Corp.

Elizabeth M. Thompson and John S. Serpe, Houston, Tex., for Raymoark Ind., Inc.

John Tucker, Beaumont, Tex., for GAF Corp.

Andrew T. McKinney III, Houston, Tex., for Eagle-Picher Ind., Inc.

Gail C. Jenkins, Beaumont, Tex., for Celotex Corp.

Richard L. Josephson and Arthur Stamm, Houston, Tex., and Sandra F. Clark, Beaumont, Tex., for Owens-Illinois, Inc.

O.J. Weber, Beaumont, Tex., for Keene Corp.

James H. Powers, Houston, Tex., for Nicolet, Inc.

Before CLARK, Chief Judge, and WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Under Texas law, exposure to asbestos can give rise to only a single cause of action for all injuries that are caused by that exposure, whether or not all the injuries have become manifest at the time the cause of action accrues. When a plaintiff and his wife have executed a valid release of an asbestos-related claim and the plaintiff dies of an asbestos-caused disease that was diagnosed after the execution of the release, the wife cannot maintain a wrongful death or survival action against the released parties. When the release purports to assign to the released parties any remaining claims, the wife cannot maintain an action against other, unreleased, parties.

## I

The facts, construed most favorably to the plaintiff, show that her husband, Steve A. Graffangnino, worked as an insulator at Texaco, Inc.'s Port Arthur, Texas, refinery for about forty years. In the course of his work, he handled asbestos products manufactured and distributed by defendants in this case.

In early 1981, Graffangnino and his wife filed suit for injuries caused by his exposure to asbestos insulating materials. That case was settled for $175,000.00. The plaintiffs, joined by their attorney, signed a detailed and comprehensive release of their claims; this release also purported to assign to the released parties any remaining claims. On March 10, 1982, the court issued an agreed take-nothing judgment. At the time that case was settled, asbestosis was the only asbestos-caused disease of which the decedent had shown symptoms.

In 1983, the decedent was found to be suffering from mesothelioma, from which he died within a month of the diagnosis. Like asbestosis, mesothelioma is a lung disease caused by exposure to airborne asbestos. Two days after his death, his wife filed this diversity action against several defendants, some of which had been parties to the earlier release.

Pursuant to Fed.R.Civ.P. 12(b)(6), the district court dismissed all defendants for plaintiff's failure to state a claim upon which relief can be granted. The court found that the 1981 release, which purported to cover "any and all claims which [Graffangnino and his wife] may have or may hereafter have" for injuries caused by "working with and exposure to various insulating materials and other products, some of which contained asbestos, manufactured, sold, or distributed by Released Parties,"[1] unambiguously barred an action

---

1. The release also contained several other recitals of an intent that the release be as broad as possible.

based on the mesothelioma that developed after the execution of the release. The court also found that the assignment contained in the release[2] was valid and that an action against defendants that were not party to the 1981 release was therefore barred.

Plaintiff appeals to this court from the district court's dismissals, with prejudice, of all defendants.

## II

■ The district court's decision was based solely on the terms of the 1981 release. Since that decision, we have had occasion to hold, in another Texas diversity case, that a plaintiff who has been exposed to asbestos may not split his cause of action to correspond to the various diseases that may be produced by that exposure.

[O]nce injury results there is but a single tort and not a series of separate torts, one for each resultant harm. The cause of action thus created is for all the damage caused by the single legal wrong, and a plaintiff may not split this cause of action by seeking damages for some of his injuries in one suit and for later-developing injuries in another.

. . . .

[The plaintiff's] injury is ... the inhalation of fibers and the invasion of his body by those fibers, thus causing him physical damage.

Under Texas law, therefore, [the plaintiff] has but one cause of action for all the damages caused by the defendants' legal wrong; the diseases that have developed and will in probability develop are included within this cause of action, for they are but part of the sequence of harms resulting from the alleged breach of legal duty. [He] could not split his cause of action and recover damages for asbestosis, then later sue for damages caused by such other pulmonary disease as might develop, then still later sue for cancer should cancer appear.

*Gideon v. Johns-Manville Sales Corp.*, 761 F.2d 1129, 1136–37 (5th Cir.1985) (footnotes omitted). Because only one cause of action for exposure to asbestos fibers existed and because the 1981 release covered that cause of action, the district court was correct to dismiss the present action as to those parties that were released in 1981.[3]

## III

■ Plaintiff also argues that the 1981 release is void insofar as it purports to assign any wrongful death claim to the released parties. The plaintiff contends that such an assignment is "contrary to the public policy of the State of Texas," but she cites not a single apposite case or statute. Such an assignment is valid under Texas law, Tex.Prop.Code Ann. § 12.014 (Vernon 1984), and the district court in this case properly dismissed those defendants that were not parties to the 1981 release. *Duke v. Brookshire Grocery Co.*, 568 S.W.2d 470, 472–73 (Tex.Civ.App.1978).

AFFIRMED.

---

**2.** "If any other claims exist, whether released herein or not, whether foreseeable or unforeseeable, the undersigned hereby assign those claims in full to the released parties."

**3.** The plaintiff urges us to rescind the 1981 release, which was executed on the advice of an attorney in consideration of a substantial sum of money, on grounds of ambiguity, mistake, or public policy. The release, however, is not ambiguous, and plaintiff has failed to allege any facts suggesting either mistake or unconscionability.