Steve **GRAFFAGNINO**, et ux,
Plaintiff-Appellant,

v.

**FIBREBOARD CORPORATION**, et al.,
Defendants-Appellees.

No. 85–2146.

United States Court of Appeals,
Fifth Circuit.

Feb. 3, 1986.

Walter Umphrey, Jeff Branick, Greg Thompson, Port Arthur, Tex., for plaintiff-appellant.

George A. Weller, Edward H. Green, R. Lyn Stevens, Beaumont, Tex., for Fibreboard Corp.

Gordon R. Pate, Beaumont, Tex., for Pittsburgh Corning Corp.

Elizabeth M. Thompson, John S. Serpe, Houston, Tex., for Raymoark Ind., Inc.

John Tucker, Beaumont, Tex., for GAF Corp.

Andrew T. McKinney IV, Houston, Tex., for Eagle-Picher Inc., Inc.

**1112**

Gail C. Jenkins, Beaumont, Tex., for Celotex Corp.

Richard L. Josephson, Arthur Stamm, Houston, Tex.,

Sandra F. Clark, Beaumont, Tex., for Owens-Illinois, Inc.

O.J. Weber, Beaumont, Tex., for Keene Corp.

James H. Powers, Houston, Tex., for Nicolet, Inc.

Before CLARK, Chief Judge, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

## ON PETITION FOR REHEARING

(Opinion November 25, 1985, 5th Cir., 776 F.2d 1307)

PER CURIAM:

### I

In our original opinion, we held:

When a plaintiff and his wife have executed a valid release of an asbestos-related claim and the plaintiff dies of an asbestos-caused disease that was diagnosed after the execution of the release, the wife cannot maintain a wrongful death or survival action against the released parties. When the release purports to assign to the released parties any remaining claims, the wife cannot maintain an action against other, unreleased, parties.

The plaintiff has petitioned for rehearing on the ground that Texas law either forbids the assignment of wrongful death claims or forbids their being assigned until after the tort victim has died and a wrongful death suit has been filed. We reject this reading of Texas law, which we regard as a variation of the plaintiff's effort to split the cause of action. Accordingly, we deny the petition for rehearing.

### II

■ Tex.Civ.Prac. & Remedies Code § 71.004 (Vernon 1986), like its predecessor Tex.Rev.Civ.Stat.Ann. 4675 (Vernon 1952), provides that a wrongful death action is for the "exclusive benefit" of certain relatives of the deceased.[1] The plaintiff accordingly attempts to argue that it is "against public policy" to assign such causes of action. A wrongful death claim can, however, be assigned by these specified beneficiaries if the assignment takes place after suit has been filed and the assignment is in writing.[2] In this case, the assignment was in writing, it took place after a suit for asbestos injuries was filed, and it was joined in by the decedent's wife.

Plaintiff argues that a wrongful death suit could not have been pending when the assignment took place because Graffagnino had not yet died. The case most relied upon by the plaintiff, *Lowe v. Employers Casualty Co.*, 479 S.W.2d 383 (Tex.Civ. App.—Fort Worth 1972, no writ), does not support her position. That case held only that a corporation to which a wrongful death claim had been assigned did not have the right to bring the action; the case did not hold that the assignor could have brought the action. The *Lowe* court noted that Tex.Rev.Civ.Stat.Ann. § 6636 had not been complied with because "on the date the assignment was executed there was

---

1. Tex.Civ.Prac. & Remedies Code § 71.004(a) (Vernon 1986) provides that "[a]n action to recover damages [for wrongful death] is for the exclusive benefit of the surviving spouse, children, and parents of the deceased." Tex.Rev. Civ.Stat.Ann. 4675 (Vernon 1952) provided in part that "[a]ctions for damage arising from death shall be for the sole and exclusive benefit of and may be brought by the surviving husband, wife, children, and parents of the person whose death has been caused....".

2. Tex.Prop.Code Ann. § 12.014 (Vernon 1984) provides that "an interest in a cause of action on which suit has been filed may be sold, regardless of whether the ... cause of action is assignable in law or equity, if the transfer is in writing." § 12.014's predecessor, Tex.Rev.Civ.Stat. Ann. 6636 (Vernon 1969), provided that "the sale of any cause of action, ... after suit has been filed thereon, shall be evidenced by a written transfer....".

then *no* suit pending" whereas "it is essential that *a* suit be pending at the time the assignment is executed." 479 S.W.2d at 390 (emphasis added). Because we think that this plaintiff's wrongful death claim was part of the claim for asbestos-related injuries, we conclude that the assignment complied with the statutory formalities.

The plaintiff's attempt to escape the effect of her husband's and her own assignment of all claims arising out of his exposure to asbestos is not directly supported by any of the Texas cases she cites. Furthermore, it misconceives the purpose of the restrictions that Texas places on the maintenance of wrongful death actions. First, these restrictions are designed primarily for the benefit of defendants, not plaintiffs. *Cf. Schwing v. Bluebonnet Express, Inc.*, 470 S.W.2d 133, 137 (Tex.Civ.App.—Houston [14th Dist.] 1971), *affirmed in part, reversed in part on other grounds*, 489 S.W.2d 279 (Tex.1973) (Tex.Rev.Civ.Stat.Ann. art. 4675 rule requiring that a wrongful death suit be filed by or for the benefit of all the statutory beneficiaries is "for the benefit of the defendant in that it prevents him from being subject to multiple suits."). Second, the plaintiff's argument ignores the general rule that wrongful death actions can be maintained only where the injured party could have maintained an action for damages had death not ensued. *See, e.g., Leal v. C.C. Pitts Sand & Gravel, Inc.*, 419 S.W.2d 820, 821 (Tex.1967); *Washam v. Hughes*, 638 S.W.2d 646, 648 (Tex.App.—Austin 1982, writ ref'd n.r.e.); *Schwing, supra*, 470 S.W.2d at 137. This rule shows that a Texas wrongful death claim does not have an existence wholly independent of the claims that the decedent himself would have had as a result of the underlying tort; in the case at bar, the decedent and his wife had released or assigned all those claims and he could not have maintained any action for damages.

We need not and do not decide whether the assignees of the wrongful death claim could maintain an action for wrongful death against a defendant who was not party to the settlement in which the Graffagninos released or assigned their claims.[3] Even if the assignees could not pursue a wrongful death claim against the nonsettling defendant (i.e. the party that is a defendant here and that was not a party to the settlement), it does not follow that this plaintiff *can* pursue such a claim against the non-settling defendant. The value of the assignment to the settling defendants lay not only (perhaps not at all) in the prospect of their being able to sue on a wrongful death claim against other asbestos manufacturers or distributors, but in the protection that it gave them from being dragged into subsequent litigation involving other putative tortfeasors. Thus, the assignees got something valuable, for which they paid, even if they did not acquire the full rights that usually accompany an assignment of a cause of action. The rule for which the plaintiff in this case contends would not only deprive the settling defendants of this valuable protection, but would make it virtually impossible to arrange truly final settlements of these kinds of cases until the putative tort victim has died. The plaintiff has cited no cases reaching such a result, and we can see no reason to expect the Texas courts to adopt such a litigation-breeding rule.

REHEARING DENIED.

3. The maintenance of such an action might well be barred by the exclusive-beneficiaries provision of Tex.Civ.Prac. & Remedies Code § 71.-004(a) (Vernon 1986) or Tex.Rev.Civ.Stat.Ann. 4675 (Vernon 1952).