TEXAS PORTLAND CEMENT CO. v.
LUMPAROFF et al.  (No. 7965.)

(Court of Civil Appeals of Texas.  Dallas.
June 15, 1918.)

1. APPEAL AND ERROR ☞569(2)—RECORD—
STATEMENT OF FACTS—REQUISITES.
Statement of facts prepared under Vernon's
Sayles' Ann. Civ. St. 1914, art. 2070, by the
official stenographer must be approved by the
trial judge and will not be considered unless so
approved.

2. APPEAL AND ERROR ☞627(3)—AFFIRMANCE
ON CERTIFICATE—WHEN PROPER.
Under Vernon's Sayles' Ann. Civ. St. 1914,
art. 1610, providing for affirmance on certificate
when the appellant fails to file a transcript of
the record, the only ground upon which there
may be an affirmance on certificate is that speci-
fied in the statute.

3. APPEAL AND ERROR ☞555 — AFFIRMANCE
ON CERTIFICATE—WHEN PROPER.
Under Vernon's Sayles' Ann. Civ. St. 1914,
art. 1610, the appellee is not entitled to affirm-
ance on certificate merely because the statement
of facts is stricken from the record.

4. APPEAL AND ERROR ☞627(3)—AFFIRMANCE
ON CERTIFICATE—WHEN PROPER.
Where the appellant, after perfecting his
appeal by filing and having approved a bond,
neglects to file transcript, the appellee may dur-
ing the term of court to which the appeal is
taken have the case affirmed on certificate, even
though the appellant has by writ of error re-
moved the proceeding to the appellate court and
filed his transcript within the prescribed time.

5. APPEAL AND ERROR ☞776—DISMISSAL BY
PARTY.
Where the judgment appealed from was fa-
vorable to appellee, the appellant had the inher-
ent right to dismiss the appeal.

Appeal from District Court, Dallas Coun-
ty; W. F. Whitehurst, Judge.

Action by Naiden P. Lumparoff and others
against the Texas Portland Cement Com-
pany.  Judgment on verdict for plaintiffs,
and defendant appeals.  The appeal was dis-
missed, and defendant brought error.  Dis-
missed.

Coke & Coke, of Dallas, for appellant.  Mc-
Cutcheon & Church, of Dallas, for appellees.

RASBURY, J.  This is an appeal from a
judgment entered upon a special jury verdict
awarding appellees damages for depreciation
in value of their property and physical dis-
comforts in its use and occupancy due to the
operation by appellant of a cement factory
adjacent to appellees' property.  Prior to
the submission of the case several prelimi-
nary matters were presented to and acted
upon by this court, culminating in a dismissal
of the appeal by appellant.  For the purpose
of placing our action in those matters on
record the dismissal of the appeal was set
aside and the case regularly submitted.  Af-
fecting our action in the respect stated the
record discloses the following facts transpir-
ing during the present term of court:  A
transcript and statement of facts on appeal
were filed in this court within 90 days after
appeal was perfected.  While the statement

of facts contained an agreement by counsel
that it was a true and correct statement of
all facts proven upon trial, it was not ap-
proved by the trial judge, and was for that
reason upon motion of appellee stricken from
the record.  Accompanying the motion to
strike out the statement of facts was one to
affirm on certificate on the ground that prop-
er statement of facts had not been filed and
fundamental error was not disclosed.  This
motion was overruled.  Subsequently appel-
lant filed motion to dismiss its appeal, which
was sustained.  Thereafter appellee filed mo-
tion to set aside the order of dismissal and
to affirm on certificate on the ground that
the appeal was taken for delay or in the al-
ternative to set the case down for submis-
sion.  The dismissal was set aside, the mo-
tion to affirm on certificate was overruled,
and the cause submitted for the purpose al-
ready stated.  Pending the proceedings re-
cited appellant brought the case to this court
by writ of error.

[1] First.  We struck out the statement of
facts because it was not approved by the
trial judge.  It was prepared under the pro-
visions of article 2070, Vernon's Sayles' Civ-
il Statutes by the official stenographer.
When so prepared it must be approved by the
trial judge, and until so approved it is not
obviously a legal statement of facts.  The
requirement is sufficient reason for holding
the statement insufficient.

[2-4] Second.  We overruled both motions
of appellee to affirm on certificate on the
ground that that character of affirmance or
remedy is available only when the appellant
fails to file a transcript of the record within
90 days after the appeal is perfected.  The
precise provision of article 1610, Vernon's
Sayles' Civil Statutes, conferring the remedy
is that affirmance on certificate may be had
in case appellant "shall fail to file a tran-
script of the record" in compliance with the
other provisions of the law, that is, within
90 days after appeal is perfected.  We have
shown that the transcript was filed within
that period.  In fact, the right to an affirm-
ance is not claimed on the ground that the
transcript was not filed in the time fixed by
law, but, in truth, on the ground that the
striking out of the statement of facts entitled
appellees to that remedy.  We think not.  In
cases where the appellant, after perfecting
his appeal by filing and having approved a
bond, neglects to file transcript, it is the
settled rule that the appellee may during the
term of court to which the appeal is taken
have the case affirmed on certificate, even
though the appellant has by writ of error
removed the proceeding to the appellate
court and filed his transcript within the pre-
scribed time.  For, while it is true that there
is no prohibition against a litigant availing
himself of both appeal and writ of error with-

in the period of limitation provided by law (Eppstein & Co. v. Holmes & Crain, 64 Tex. 560), it is also true that the right to the successive appeals is subject to the right of appellee to have the case affirmed on certificate (Scottish Union & Nat. Ins. Co. v. Clancy, 91 Tex. 467, 44 S. W. 482). Yet it is further apparent from the statute that the right to affirm on certificate depends alone upon the failure to file transcript, and cannot be grounded upon other defects in the record, even defects warranting a dismissal of the appeal. Failure to file transcript alone gives rise to the remedy. It occurs to us that the present matter is analogous to those cases holding that appellee is not entitled to an affirmance on certificate when the transcript was filed within time, but the appeal dismissed for failure to file briefs in time, or for other conceivable defects. Gulf, C. & S. F. Ry. Co. v. Hall, 76 S. W. 590; Santleben v. Richter, 126 S. W. 926. The holdings in the cases cited are grounded on the bare fact that transcript had been filed and that affirmance on certificate was authorized only in cases where the transcript had not been filed. The holding conforms to article 1610, supra, and no other intention can be gathered from its provisions. It cannot be said that the article expressly or by implication confers any greater right. In fact, it must affirmatively appear from the record that the transcript was not filed before we can affirm on certificate. The record here affirmatively discloses that the transcript was filed within the time required by law. As a consequence the right to that remedy has never accrued.

[5] Third. We permitted appellant to dismiss its appeal on the ground that it had the inherent right to do so and because we think no complaint on the part of appellees could be fairly urged to such a course, since the judgment from which the appeal was taken was in their favor.

For the reasons stated, the order setting aside the dismissal will be set aside, and appeal will be dismissed in accordance with appellant's motion in that respect. In such connection we are not to be understood as anticipating or passing pro or con upon any of the issues of procedure which may arise in any manner in the appeal which we have said has been taken by the writ of error.

The appeal is dismissed.