**RED BALL MOTOR FREIGHT, INC., et al.,**
**Appellants,**

v.

**The SOUTHERN CONFERENCE OF TEAMSTERS, Appellee.**

**No. 4005.**

Court of Civil Appeals of Texas.

Waco.

June 7, 1962.

**956**

Allen P. Schoolfield, Jr., Dallas, Eugene D. Biddle, Ft. Worth, Charles D. Mathews, Dallas, for appellants.

Mullinax, Wells, Morris & Mauzy, L. N. D. Wells, Jr., Dallas, for appellee.

McDONALD, Chief Justice.

The Southern Conference of Teamsters, as plaintiffs, brought this suit to declare null and void a certain collective bargaining agreement entered into by the defendants Red Ball Motor Freight, Inc., and the Union of Transportation Employees, Inc. The Trial Court granted the relief sought. Both defendants appealed and the cause is pending for disposition. On 27 April 1962 appellee (plaintiff) filed motion to dismiss appellants' (defendants') appeal on the ground that the appeal was moot, inasmuch as the collective bargaining agreement declared void by the Trial Court had, during pendency of the appeal, expired by its own terms, and a new collective bargaining agreement had been entered into by defendants which is not subject to the complaints of plaintiff, as was the original agreement.

Thereafter, both defendants filed motions to dismiss the *entire case* rather than dismissing the appeal only.

When a case has become moot, the proper order to be entered by the appellate court is one dismissing the case, and not one dismissing the appeal. To dismiss the appeal would leave undisturbed the judgment of the lower court, and thereby in effect, affirm same without according to the appealing parties a hearing on the merits of their appeal. International Ass'n. of Machinists Local Union No. 1488 et al. v. Federal Ass'n of Accessory Workers et al., 133 Tex. 624, 130 S.W.2d 282, 283.

Accordingly, defendants' motions to dismiss this cause are granted. Costs are taxed ⅓ each against appellee and the two appellants.

Dismissed.