**PRODUCTION DRILLING COMPANY,**
Appellant,

v.

**KIRKWOOD & MORGAN, INC., Appellee.**

No. 14528.

Court of Civil Appeals of Texas.

San Antonio.

July 13, 1966.

Jack Leon, Mayo J. Galindo, San Antonio, for appellant.

Groce, Hebdon, Fahey & Smith, Roy E. Johnston, San Antonio, for appellee.

MURRAY, Chief Justice.

This cause was filed in this Court on May 27, 1966, and has not as yet been set for submission.

On June 13, 1966, appellant filed a motion asking that his appeal be dismissed and that the order appointing a receiver be vacated for want of jurisdiction.

The only way we could determine whether the order appointing a receiver should be vacated for want of jurisdiction, would be upon a full hearing of the case upon its merits.

Inasmuch as the motion to dismiss was filed before the case had been set for submission and before appellant had filed its brief, we decided that appellant did not desire a hearing on the merits and wanted

its appeal dismissed, a right which an appellant ordinarily has a legal right to exercise at any time before such appeal has been heard and determined.

Appellant, on June 29, 1966, has filed a motion for a rehearing on its motion to dismiss appeal, which he calls: "APPELLANT'S MOTION FOR RE-HEARING, FOR RE-INSTATEMENT OF APPEAL, FOR SUBSEQUENT DISMISSAL OF APPEAL WITH VACATION OF RECEIVERSHIP, OR IN THE ALTERNATIVE TO RE-INSTATE THE APPEAL FOR CONSIDERATION ON THE MERITS AND FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF."

In this motion appellant asserts that "The action of this Court in summarily dismissing Appellant's appeal without further relief is in direct conflict with its previous decisions in Low Cost Homes Building Company et al. v. Banks [Tex.Civ.App.], 228 S.W.2d 535, and Greenland v. Prior [Pryor], 360 S.W.2d 423." We have examined these two cases and find that in the Low Cost Homes Bldg. Co., case it was made known to the satisfaction of our Court that the trial court had appointed a receiver without notice, and that the trial court had vacated the receivership, while here the order appointing the receiver recites that it was done with notice to appellant, and that the appointment would not be effective until the filing and approval of a bond in the sum of $1500. The record further shows that after a motion and hearing the trial court refused to vacate the order appointing the receiver. The Greenland case was a hearing upon the merits of the case, and did not involve in any way a motion to dismiss appeal.

It now appears that appellant did not wish to have its appeal dismissed and desires a hearing of this cause upon its merits. The motion for a rehearing will be granted, our order granting the motion to dismiss appeal will be set aside, and this cause restored to the docket for submis-

sion and a hearing upon its merits. The motion to dismiss appeal is overruled.

Appellant also asks that it be given an additional fifteen days from the setting aside of the order of dismissal within which to file its brief, which is hereby granted.