Dr. James E. **ROBERTSON** et al.,
Appellants,

v.

James **LAND** et al., Appellees.

No. 812.

Court of Civil Appeals of Texas,
Tyler.

Jan. 23, 1975.

Thornell & Cannon, Michael Thornell, Houston, for appellants.

Granberry & Hines, F. P. Granberry, Crockett, for appellees.

DUNAGAN, Chief Justice.

This is an appeal from an order denying a writ of prohibition.

The appellants have filed a motion with this court seeking a dismissal of the appeal because "the need for writ of prohibition have (sic) been resolved by the passage of time" and "of events transpiring pending this appeal" and therefore this appeal has become moot.

Appellees in their written reply to appellants' motion to dismiss the appeal concedes appellants' right to have their appeal dismissed but request this court to direct the Clerk of the trial court to retain in his possession the $5,000 appellants deposited with him in lieu of a Supersedeas Bond until appellees" cross-action against the appellants has been tried and a final judgment entered thereon.

On July 24, 1974, appellants petitioned the Third Judicial District Court of Houston County, Texas, for a Writ of Prohibition against the appellees prohibiting them

from prosecuting a certain cause of action then pending in the Justice Court of Justice Precinct No. 1 of said county. On the same date Judge Wayne Lawrence, Judge of the Third Judicial District Court of Houston County, issued the Writ of Prohibition sought.

On July 25, 1974, appellees filed a motion to dissolve the Writ of Prohibition heretofore granted by Judge Lawrence. On August 19, 1974, Judge Jack H. Holland, Judge of the 173rd Judicial District Court of Houston County, sitting in and for the Third Judicial District Court of Houston County, entered an order dissolving the Writ of Prohibition issued by Judge Lawrence on July 24, 1974. It is from this order that appellants have appealed.

Pursuant to appellants' motion that the court fix the amount of the Supersedeas Bond, Judge Holland entered the following order.

### "ORDER FIXING AMOUNT OF SUPERSEDEAS BOND

"On the 19th day of August, 1974, on Motion of Plaintiffs, duly made herein, it is ORDERED, ADJUDGED and DECREED that in order that the judgment heretofore rendered herein be superseded, Supersedeas Bond, conditioned as required by law, in the sum of FIVE THOUSAND DOLLARS ($5,000.00) shall be filed herein, and said sum is fixed as the amount of Supersedeas.

JACK H. HOLLAND
JUDGE PRESIDING"

In the record we find the approval of Supersedeas Bond by the Clerk of the District Court of Houston County, Texas, which reads:

### "APPROVAL OF SUPERSEDEAS BOND

"I, Ben D. Monk, Clerk of the District Courts of Houston County, Texas, in said cause, accepted a Cashier's Check in the amount of $5,000.00 in lieu of Supersedeas Bond, set by the Judge, as per Order.

"Given under my hand & seal of said Court, at office in Crockett, Texas, this the 20th day of August A.D., 1974.

BEN D. MONK, CLERK
District Court,
Houston County, Texas"

■ We do not know of any good or logical reason for the intent and purposes of the Supersedeas Bond to be altered in any way by a deposit of cash in lieu of the bond. Therefore, the same principles and rules of law would apply had these appellants filed a Supersedeas Bond rather than cash in lieu of the bond. Mea v. Mea, 464 S.W.2d 201, 207 (Tex.Civ.App., Tyler, 1971, n. w. h.).

■ The Supersedeas Bond given by appellants is a mere incident to a cause of action and judgment appealed from and is given to afford the adverse party the means of enforcing *the judgment appealed from* if appeal or writ of error is not prosecuted with effect. Casray Oil Corporation v. Royal Indemnity Co., 165 S.W.2d 244 (Tex.Civ.App., Galveston, 1942), affirmed 141 Tex. 33, 169 S.W.2d 955 (1943). Also see City of Athens, Texas v. Gulf States Telephone Co., 374 S.W.2d 757 (Tex.Civ.App., Tyler, 1964, n. w. h.). This court in Mea v. Mea, supra, said:

"It is stated in the case of Elliott v. Lester, 126 S.W.2d 756 (Tex.Civ.App., Dallas, 1939, n. w. h.):

'* * * The purpose of a supersedeas bond is to furnish indemnity to the appellee, and to suspend the remedies allowed for realizing on the judgment. It is security in addition to the personal liability of those responsible for the payment of the judgment, and effectively suspends the remedies for the enforcement of the judgment, pending the appeal. "The sole purpose of requiring an

appeal or supersedeas bond must therefore necessarily be to furnish security to the appellee in addition to the personal responsibility of the appellant. Automobile Insurance Co. v. Teague (Tex.Com. App.) 32 S.W.2d 824" * * *

'In the case of Ford v. State, Tex. Civ.App., 209 S.W. 490, 492, * * * (t)he court said: "We hold that an appeal from a judgment of any character, upon a supersedeas bond, does not suspend the judgment, but only stays its execution pending the appeal. * * * The judgment itself remains in full force until it is reversed. If it be affirmed, the appellate court does not enter a new judgment in the case, nor revive the judgment of the trial court, but only removes the impediment to its execution. In this connection, we call attention to the fact that a supersedeas bond, as defined by our statute, does not purport to suspend the judgment from which the appeal is taken, but only to suspend 'the execution of the judgment.' * * *"' See Rule 364, 368, T.R.C.P.; Renger v. Jeffrey, 143 Tex. 73, 182 S.W.2d 701 (1944); Ex Parte Kimbrough, 135 Tex. 624, 146 S.W.2d 371 (1941). 'Supersedeas and Stay of Proceedings' by F. Hastings Pannill, Appellate Procedures in Texas (Matthew Bender & Co., 1964), Chapter 6, p. 6–1."

Consequently, the only question before this court at this time is whether appellants' motion to dismiss their appeal should be granted.

■ This appeal has not been heard or determined. It has only been set for submission. Therefore, under this condition of the record it seems that there is no question of appellants' right to have their appeal dismissed. Texas Portland Cement Co. v. Lumparoff, 204 S.W. 366 (Tex.Civ. App., Dallas, 1918, n. w. h.); Production Drilling Company v. Kirkwood & Morgan, Inc., 406 S.W.2d 792 (Tex.Civ.App., San Antonio, 1966, n. w. h.) and Rule 387a(b), Texas Rules of Civil Procedure.

■ By dismissing the appeal only and not dismissing the case, the judgment of the trial court is left undisturbed and thereby, in effect, is affirmed without, according to the appellants, a hearing upon the merits of their appeal. Red Ball Motor Freight, Inc. v. Southern Conference of Teamsters, 358 S.W.2d 955 (Tex.Civ. App., Waco, 1962, n. w. h.); Peoples v. Scott, 189 S.W.2d 522 (Tex.Civ.App., San Antonio, 1945, n. w. h.); International Ass'n of Machinists, Local Union No. 1488 v. Federated Ass'n of Accessory Workers, 133 Tex. 624, 130 S.W.2d 282 (Tex.Com., 1939, opinion adopted). Since a dismissal of appellants' appeal, in effect, affirms the judgment appealed from and the money in lieu of a Supersedeas Bond is on deposit and in the possession and control of the Clerk of the trial court, we conclude that the disposition of such fund is a matter for the trial court to originally determine.

Appellees' motion for this court to require that the Clerk of the trial court retain the $5,000 supersedeas deposit pending a final judgment upon their cross-action and appellants' motion that the District Clerk be ordered to return the supersedeas deposit are thereby overruled.

We have considered appellants' motion for dismissal of their appeal and have determined, for the reasons stated therein, that this appeal is now moot and the motion to dismiss should be granted. It is so ordered.

Appeal dismissed.