**Rodolfo A. REYES, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 16339.**

Court of Civil Appeals of Texas, San Antonio.

March 26, 1980.

Rehearing Denied April 30, 1980.

Mark S. Smith, Lubbock, for appellant.

Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

## OPINION

KLINGEMAN, Justice.

Appellant, Rodolfo A. Reyes (Reyes) appeals from an order of the District Court of Maverick County sustaining Appellee Texas Employers Insurance Association's (TEIA) plea to the jurisdiction and plea in abatement and abating and dismissing the lawsuit with prejudice. Appellant timely perfected his appeal and asserts three points of error.[1] In view of our holding herein we do not deem it necessary to discuss appellant's points of error or appellee's counterpoints.

Although neither party discusses or briefs the question of mootness, appellant does cite and refer to the case of *Reyes v. Texas Employers Ins. Assn.*, 581 S.W.2d 268 (Tex. Civ.App.—Waco 1979, writ dism'd). The information as to the factual background and posture of that case is taken from the opinion of the Waco court. The Waco case involves the same parties and the same transaction as in the case before us. The Industrial Accident Board made its final ruling and decision in the matter on June 1, 1978, and the next day TEIA filed suit in Robertson County, the county where the injury occurred, to set aside the final ruling and decision of the Board. Thereafter, on August 15, 1978, Reyes filed his plea of privilege to be sued in Maverick County, the county of his residence. TEIA did not timely controvert Reyes' plea of privilege. The Waco Court of Civil Appeals on April 26, 1979, rendered its opinion reversing the trial court's order and rendered judgment ordering the cause to be transferred to Maverick County for trial on the merits.

The Waco court pointed out that Tex. Rev.Civ.Stat.Ann. art. 8307, sec. 5 (Vernon Supp.1979), as amended effective August 29, 1977, gives any interested party appealing from the award of the Industrial Accident Board the choice of one of two counties in which to file suit, either (1) the county where the injury occurred, or (2) the county where the employee resided at the time the injury occurred. The Court noted that prior to the 1977 amendment, Article 8307, Section 5, did not give the party filing suit such a choice of counties in which to file suit, but required such suit to be brought only in the county where the injury occurred.

The Waco court stated:

> trial Accident Board worker's compensation proceeding is appellate in nature and cannot be invoked by suit filed prior to the award of the Industrial Accident Board; (2) sustained defendant's plea to the jurisdiction; and (3) abated and dismissed the case at bar because of the prior filing of an appeal from the same award of the Industrial Accident Board in the District Court of Robertson County.

[1]. By three points of error appellant asserts that the trial court erred (1) in sustaining defendant's plea to the jurisdiction; (2) in ruling that jurisdiction could not be obtained where suit was filed prior to the final award of the Industrial Accident Board; and (3) in abating and dismissing the lawsuit. By three counterpoints, appellee asserts that the trial court properly (1) held that jurisdiction in the Indus-

Plaintiff-Appellee Texas Employers contends that venue in a workmen's compensation suit such as the case at bar is statutory and is governed by Article 8307, Sec. 5, and Article 8307a, V.T.C.S., and that the basic venue rule that a defendant may only be sued in the county of his domicil has no application. In other words, Appellee argues that under Article 8307, Sec. 5, as amended in 1977, venue is proper in either Robertson County (the place of injury) or Maverick County (the place of Reyes's domicil); that such statute created a 'race to the courthouse' in workmen's compensation cases; that if both parties are dissatisfied with the ruling of the Industrial Accident Board, the first party to file suit has his choice of forum; that in the instant case, Texas Employers 'won the race' by bringing the suit in Robertson County, thereby precluding Reyes from any right to venue in Maverick County, the county of his residence. Moreover, Appellee says that Article 8307a still requires that if a suit to set aside a final ruling of the Board is brought in any county other than the county where the injury occurred, unless that court has jurisdiction, it must transfer the case to the county where the injury occurred. In short, Appellee asserts that a plea of privilege is not the proper way to challenge venue in a workmen's compensation case, and that 'the only proper way to transfer cases brought under Article 8307, Sec. 5 is by a plea to the jurisdiction made under Art. 8307a.' We do not agree with Appellee's arguments.

581 S.W.2d at 270–271.

The Waco court then cites a number of cases including *Texas Highway Dept. v. Jarrell*, 418 S.W.2d 486 (Tex.1967); *Texas Employers Ins. Ass'n. v. Ellis*, 543 S.W.2d 397 (Tex.Civ.App.—El Paso 1976, no writ); and *Federal Underwriters Exchange v. Pugh*, 141 Tex. 539, 174 S.W.2d 598 (1943), in support of its holding.[2]

2. *See Texas Employers Insurance Ass'n v. Jones*, 580 S.W.2d 889 (Tex.Civ.App.—Eastland 1979, no writ), involving a motion to transfer a worker's compensation case from the county where the worker lived to the county where the injury occurred, after the 1977 amendment.

The net result here is that TEIA "won the race to the courthouse", but lost the war by failing to timely controvert a plea of privilege.

The present posture of *Reyes v. Texas Employers Ins. Ass'n* is as follows: (a) the case filed by TEIA in the district court of Robertson County has been transferred by the Waco Court of Civil Appeals to the district court of Maverick County for trial on the merits; (b) the case filed by Reyes in the district court of Maverick County, Texas, has been abated and dismissed with prejudice by the district court of Maverick County, Texas. The order was signed on May 18, 1979, and is subsequent in time to the decision entered by the Waco Court of Appeals on April 26, 1979, but prior to the time such decision became final (motion for rehearing denied on May 24, 1979).

It is seen that the case of *Reyes v. Texas Employers Ins. Ass'n* has been transferred to the district court of Maverick County, Texas, by the decision of the Waco Court of Civil Appeals, which now has become final. However, we do not know what happened to this case after the transfer—whether it has been tried on its merits, docketed as a new case, or what.

We have concluded that the case before us is moot. Under these circumstances we do not pass on any of the contentions made by appellant or appellee on the appeal now before us. The rule has long been established that when a case becomes moot on appeal, all previous orders are set aside by the appellate court and the case is dismissed. To dismiss the appeal only would have the effect of affirming the judgment of the lower court without considering any assignments of error thereto. *Guajardo v. Alamo Lumber Company*, 159 Tex. 225, 226, 317 S.W.2d 725, 726 (1958); *Texas Foundries v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 241, 248 S.W.2d 460, 461 (1952); *Red Ball*

*Motor Freight, Inc. v. Southern Conference of Teamsters*, 358 S.W.2d 955, 956 (Tex.Civ. App.—Waco 1962, no writ); 4 Tex.Jur.2d, Rev., Part 1, *Appeal & Error* § 642 (1974). The case being appealed is dismissed and all orders entered therein set aside.

CADENA, Chief Justice, dissenting.

I do not agree that the pendency of the suit filed by Texas Employers' Insurance Association, if, in fact, such suit is still pending, is sufficient cause for holding that appellant's appeal in this case is moot.